### E. EARL v. ASA SMITH AND OTHERS.

Pleadings in a justice's court are not, in general, required to be conducted in writing. It is not a valid objection to a judgment against a sheriff and his sureties, rendered on motion before a justice of the peace, that the motion was not in writing.

The statute (O. & W. Dig., art. 1334) authorizes a motion to be made against a sheriff and his sureties for failure to return an execution within the time prescribed by law, within five years from the day it was returnable. Such motion may be made after the expiration of the term of office of the sheriff.

ERROR from Colorado. Tried below before the Hon. James H. Bell.

A motion was made by E. Earl against Asa Smith, the sheriff of Colorado county, and the sureties on his official bond, before a justice of the peace, for failure to return an execution within the time prescribed by law. Judgment was rendered by the justice against the sheriff and the sureties. The sureties prosecuted their writ of *certiorari*, returnable to the District Court of Colorado county. Many objections to the rendition of the judgment in the justice's court were urged. Among others, it was insisted that the judgment in the justice's court was rendered on a motion not made in writing; that the motion was made after the expiration of the term of office of the sheriff. These objections were apparent from the proceedings. Mrs. Earl moved to quash the writ. The motion was overruled, and the cause dismissed from the docket, at her cost. She prosecuted her writ of error.

*R. M. Tevis,* for plaintiff in error.

*John H. Robson,* for defendants in error. It is submitted, that the demurrer and exceptions in this case were properly sustained.

1st. Because there was no motion in writing before the justice of the peace. The mere notice of the motion served on defendants in error is not sufficient.

2d. Because it appears affirmatively, from the notice of motion,

Earl v. Smith.

that the defendant, Smith, was not sheriff of the county when this proceeding was instituted.

In the case of Smith *et al.* v. Perry *et al.*, 18 Tex. R., p. 510, this court says: " Here it is provided by statute, that the motion against the sheriff and his sureties may be made at any time within five years from the day on which the execution was returnable." It is respectfully submitted, that the Act of limitations, Hartley's Dig., art. 2378, upon which the above dictum of the court was based, has reference to a suit on the bond of the sheriff, and not to the remedy by motion which is given by the Act of 1842, concerning executions.

When the Act of limitations of 5th February, 1841, was passed, the only execution law which was in force was the Act of February 5th, 1840. (See Hart's Dig., art. 1288, *et seq.*) That Act repealed all laws which had previously been passed on the subject of executions. (Hart's Dig., art., 1310.)

The Act of 1839, concerning executions, gave the remedy by motion for failing to return an execution, (Hart's Dig., art. 1287;) but the act of 1840, which repealed the Act of 1839, did not give this remedy for such failure on the part of the sheriff. The remedy by motion, under the law of 1840, only embraced the following cases: 1st. When the sheriff neglected to number executions in the order in which he received them, as provided by law. (Hart., art. 1296.) 2d. When the sheriff neglected to pay over money collected after the same had been demanded by the person entitled to receive it. (Hart., art. 1297.)

It follows, then, that, as the remedy by motion for failure to return an execution was not given by the Act of 1840, such neglect of the sheriff could only be reached by a suit on his bond, and hence we are justified in concluding that the Act of limitations of 1841, which gives the party in whose favor an execution was issued five years within which to move against a sheriff and his securities for failure to return it, has reference to a suit on the bond of the sheriff, and not to the remedy by motion, which did not exist at the time of the passage of the Act of limitations. This view of the law is strengthened by the fact that the Act of 1841 fixes no period of limitation to the remedy by motion for

failure of the sheriff to number executions in the order in which they were received, or for failing to pay over money collected when the same has been demanded.

Again, a motion against a sheriff is a strict penal statutory provision, and must be construed with the greatest strictness; (4 Tex. R., p. 356;) and it will be found that, whenever that remedy is given by law, the proceedings to be had are clearly and specifically stated; but the act of limitations no where states *in what the motion shall consist, or what notice of the motion shall be given;* hence it is reasonable to conclude that the common remedy by suit on the bond, and not the extraordinary remedy by motion, was intended to be embraced by the law. To all this, it may be added that it is hardly to be supposed that an act of limitation would not only *limit*, but *also create a remedy*. We contend, then, that, after the repeal of the Act of 1839, "concerning executions," by the Act of 1840, it was not until the passage of the Act of 1842 that the remedy by motion for failure to return an execution, or for failure to make a levy, was given. And we contend further, that that remedy could only be enforced against the officer during the term of his office, and while he was under the immediate control and jurisdiction of the court. The language of the law is, that the penalty shall be recovered against "such sheriff or other officer"—not against the person who was sheriff at the time of the failure to return the execution, but against "*the sheriff*," while he is sheriff and exercising the functions of his office. (Hartley, art. 1346.)

Again; instead of the usual notice of five days, three days notice is all that is required of the motion against the sheriff. Why the distinction, unless it was the intention of the law that the remedy by motion should lie against the sheriff only while he was an officer of court, and under its immediate supervision and control? It was intended as a safeguard to the community against any willful neglect of duty on the part of the sheriff while he is an officer of court.

WHEELER, C. J. We are of opinion that the judgment of the court dismissing the case is erroneous.

Earl v. Smith.

The defendants were duly served with notice of the intended motion. Pleadings in justices' courts are not, in general, required to be conducted in writing; and we do not think it a valid objection to the judgment of the justice, that the motion was not in writing.

Nor do we think the objection well taken, that the term of office of the sheriff had expired before the proceeding was instituted. The statute (Hart. Dig., art. 2378) allows five years within which to move against the sheriff for failing to return an execution. As the term of office of the sheriff is but two years, it must have been intended that the proceeding might be instituted after the expiration of the term.

It is objected, that, at the date of the passage of the statute of limitations, there was no provision in the law for moving against a sheriff for failing to return an execution—the execution law of 1839 having been repealed, and that of 1840 not providing for this proceeding; (Hart. Dig., arts. 1287, 1296, 1297;) and that the statute had reference to a suit against the sheriff in the ordinary mode by petition. But this construction is not warranted by the obvious meaning of the language of the statute. Besides, the statute seems to have been framed with a view to give the right to move against the sheriff for failing to return an execution. Terms more express could not have been employed for that purpose; (Hart. Dig., art. 2378;) and the provision may have been inserted here for the very reason that it had been omitted in the execution law of 1840, then in force. We see no ground upon which the case could properly be dismissed. Instead of dismissing, the court ought to have proceeded to try the case upon the merits.

The judgment is reversed and the cause remanded.

Reversed and remanded.