FRED BEALL *v.* A. A. SHATTUCK ET AL.

1. EXECUTION. *Return. What constitutes.*

   The return of an execution is the indorsement of the action of the officer on it, and its delivery to the proper custodian of the office out of which it issued; and the fact that the sheriff had it in his pocket, or in his desk in the court-room, with the proper indorsement of how he had executed it upon it, was not a return of the process, although the plaintiff in execution was an attorney of the court, and could have easily obtained the execution by applying at the sheriff's desk, and may have known this.

2. SHERIFF. *Failure to return execution. Liability therefor. Code 1871, § 227.*

   It is the duty of the sheriff to return an execution, on the return day thereof, to the clerk of the court from which the execution issues; and, upon failure to do so, he is liable for the amount of said execution, with interest and damages at five per cent (Code 1871, § 227), on motion of the plaintiff in execution.

ERROR to the Circuit Court of Colfax County.

Hon. J. A. ORR, Judge.

This was a proceeding under Code 1871, § 227, against A. A. Shattuck, Sheriff of Colfax County, and R. W. Millen, William Mixon and A. P. Shattuck, sureties on his official bond, for failure to return an execution to him directed on the return day thereof. The statute provides, "If any sheriff, coroner or other officer shall fail to return any execution to him directed, on the return day thereof, the plaintiff in such execution shall be entitled to recover judgment against such sheriff, coroner or other officer, and their respective sureties, for the amount of such execution, and all costs, with lawful interest thereon until the same shall be paid, with five per cent

on the full amount of such judgment for his damages, to be recovered by motion before the court to which such execution is returnable, on five days' notice first given thereof." There was a motion by Fred Beall, by attorney, alleging the issuance of an execution, directed to the sheriff of Colfax County, on a judgment obtained by said Beall, in the Circuit Court of said county, against one F. M. Neal; and that Shattuck, the sheriff, received said execution, and failed to return the same on the return day thereof, and praying for the statutory judgment. A summons thereupon issued, and was served on Shattuck and the sureties. All of the defendants appeared, and pleaded to the motion a " general denial in short by consent." There was a trial by jury, and verdict for the defendants. Whereupon the plaintiff filed his motion for a new trial, on the grounds that the court erred in modifying the plaintiff's instructions, and in giving those for the defendant, and that the jury found contrary to the law and evidence. On the overruling of this motion, Beall took a bill of exceptions, from which it appeared that the execution had not been returned to the clerk of the court; but with the return of *nulla bona* upon it, was kept by the sheriff's deputy, one Shipman, in his desk in the court-room, or in his pocket, until the motion had been or was about to be made on the fifth day of the term; that the plaintiff Beall had inquired of the clerk and examined his execution docket, and found the execution had not been returned before he made the motion; but that he was an attorney practising in the court, knew the custom of the sheriff and his deputies in these matters, and could have obtained the execution by applying at the sheriff's desk. The instructions given and refused are set out in full in the opinion of the court. The case comes to this court on writ of error; and the errors assigned are, modifying the first charge asked by the plaintiff, refusing to give the fourth asked by the plaintiff, giving the charge asked by the defendants, and overruling the plaintiff's motion for a new trial.

*White & Bradshaw*, for the plaintiff in error.

1. The provision of the Code of 1871, under which the plaintiff in error filed his motion, is substantially and almost literally the same as was contained in all former codes of this

State. Hutchinson's Code from 1798 to 1848, c. 28, art. 7, p. 448, § 6; Code of 1857, p. 123, art. 121; Code of 1871, § 227.

2. The written return on an execution is not conclusive that it was returned on the return day. But the return of the execution to the clerk of the court is a fact *in pais*, and depends for its proof on parol testimony. *Izod* v. *Addison*, 5 How. (Miss.) 432.

3. The writ must be returned to the clerk's office. For the sheriff to indorse on it his return, and keep the writ in his pocket or desk, is not sufficient. Burrill's Law Dictionary, word " Return ; " *Izod* v. *Addison, ubi supra.*

4. If the sheriff does not return the execution on the return day thereof, he and his sureties are liable to the plaintiff for the amount of the judgment upon which the execution issued, interest, and five per cent damages. *Morehead* v. *Holliday*, 1 S. & M. 625; *Steen* v. *Briggs*, 3 S. & M. 326; *Izod* v. *Addison, ubi supra.*

5. The construction of §§ 227, 700, of Code 1871, by opposing counsel, is novel, and we think directly the reverse of the true one.

6. As to the liability of the sureties in this class of cases, we think it only necessary to adopt opposing counsel's statement of the facts, and refer to the same authorities.

*Flaniken & Beckett*, for the defendants in error.

1. The neglect of sheriffs to return executions is treated of, and remedy provided in two statutes, §§ 227, 700, Code 1871. The last is partly remedial and partly penal; giving to the party aggrieved his damages and a forfeiture against the sheriff of $100, and providing for imprisonment of the sheriff. The former is a purely penal statute, and must be strictly construed, while the latter is construed liberally; 1 Blackstone's Commentaries, 88. And as to the sureties, § 227 is unconstitutional. No case is made out against the sureties. The condition of the sheriff's bond is that he shall pay over money *actually* collected, and faithfully discharge the duties of his office. Code 1871, §§ 219, 309. The engagement of the surety is *stricti juris*, and not to be extended beyond the fair import of the contract. *The State* v. *Baker*,

47 Miss. 94 ; *Miller* v. *Stewart*, 9 Wheat. 680 ; *United States* v. *Kirkpatrick*, 9 Wheat. 720 ; *Russell* v. *Irby*, 13 Ala. 131 ; *Batchelder* v. *Kelly*, 10 N. H. 436 ; *Perkins* v. *Hackleman*, 26 Miss. 41.    The sureties can only be held liable on their contract for the *damages sustained*, and, as the return was *nulla bona*, no damages were sustained in this case.    This point was not decided in any of the cases cited by the plaintiff in error.    As the motion is for the penalty, under § 227, it is not a divisible liability, and, being unable to sustain it as to the sureties, it must fail as to the sheriff.    *Mhoon* v. *Colment*, 51 Miss. 60.

2.  The liability of the sureties, if the act is constitutional as to them, is only for actual damages.    *Bates* v. *Stokes*, 40 Miss. 56 ; *Baker's Case*, and *Perkins* v. *Hackleman, ubi supra.*

3.  The deputy-sheriff, Shipman, failed to return the execution, if failure there was, and he only is liable.    Code 1871, §§ 226, 227 ; *State* v. *Nichols*, 39 Miss. 318.

4.  The execution, on the facts of the case, was properly returned before the motion was made, and at the proper time. Code 1848, p. 907, c. 62, art. 1, § 56; Code 1857, p. 526, art. 268; Code 1871, § 565.    The Code 1848, p. 448, art. 7, § 6, p. 897, art. 1, § 1, and p. 904, c. 62, art. 1, §§ 48, 49, under which the decisions referred to by opposing counsel were made, differs from Code 1871, § 839, under which this case arises, in that the former requires the return to be made to the clerk's office, while the latter requires it to be made to the court. The latter code does not state when the writ shall be delivered to the clerk, nor when he shall enter the return on his execution docket, while the former requires these things to be done " without delay."

CAMPBELL, J., delivered the opinion of the court.

Fred Beall moved against the sheriff and sureties on his bond to recover of them the amount of an execution, and interest and damages, with costs, because said sheriff failed to return said execution on the return-day thereof.    On trial of the motion it appeared that the execution had not been returned by the sheriff to the clerk of the court from which it was issued, but that prior to the return-day the deputy of said sheriff had made an indorsement of *nulla bona* on said execu-

tion ; that it was put in the sheriff's desk, which during the term was in the same room in which the court was held, and remained in said desk until the time when the motion was made or was about to be made, when it was produced ; and that the plaintiff was an attorney practising in said court, and could have had the execution at any time, by applying to the sheriff at his desk in the court-room after court commenced.

The plaintiff asked the court to instruct the jury as follows, viz., " It is the duty of the sheriff to return an execution on the return-day thereof to the clerk of the court from which the execution issues, and upon failure to do so he is liable for the amount of said execution, with interest and damages at five per cent ; " and it was refused. He also asked an instruction in these words, viz., " If the jury believe from the evidence that A. A. Shattuck failed to return to the clerk of the Circuit Court the execution on the first day of the term, they will find for the plaintiff ; " which the court refused to give as asked, but modified it, and gave it in these words, to wit, " If the jury believe from the evidence that A. A. Shattuck failed to return the execution on or before the first day of the term, they will find for the plaintiff." The court instructed the jury for the defendants that if the execution had been indorsed *nulla bona* before the return-day, and was in the sheriff's desk in the court-room from the commencement of the term, and was all the time accessible to the plaintiff, who was an attorney of the court, not liable to be misled as to where the execution was, and that the court-room was used by the clerk as his office, the mere fact that the execution was not marked returned in the clerk's docket will not entitle the plaintiff to a recovery.

The instructions asked by the plaintiff state the law applicable to the case, and should have been given. Code, § 227. It is the duty of the sheriff to return any execution to him directed on the return-day thereof. One day afterwards is too late. *Steen* v. *Briggs*, 3 S. & M. 326. The return of an execution is the indorsement of the action of the officer on it, and its delivery to the proper custodian of the office out of which it issued. The indorsement by the officer is one thing, and the *return* to the proper office is another. Strictly speaking, the *return* is, as the word imports, a return

of the process to the office from which it issued, and the law requires the officer to note thereon how he hath executed the same.  Code, § 228.  Although the execution may have the officer's indorsement on it, and may be in his pocket or a deputy's, or in the officer's desk in the court-room, it is not returned until it has passed from the custody and control of the officer to that of the clerk of the court from which it was issued.  *Nelson* v. *Cook*, 19 Ill. 440 ; *Jenkins* v. *McGill*, 4 How. Pr. 205 ; *Casky* v. *Haviland*, 13 Ala. 314.  Although the plaintiff was an attorney of the court, and could have easily obtained the execution by applying at the sheriff's desk, and may have known this, he was not bound to go elsewhere than to the clerk for the execution, after the return-day. It should have been in the clerk's office, and under the control of the clerk.  Not being there, the sheriff was liable.  It is true that the sheriff would not have been responsible for a failure of the clerk, in any particular, if he had returned the execution ; but the instruction given for the defendants is erroneous, and should have been refused.

*The judgment is reversed and cause remanded for a new trial.*