## A. O. COX, SHERIFF, *v.* R. J. ROSS, ADMINISTRATOR.

1. MOTION AGAINST SHERIFF. *Failure to return executions. Venue.*
   Motions against sheriffs for failure to return executions to them directed, under the Code of 1871, sect. 227, are determinable in the court to which the process is returnable, and not in the county of the defaulting officer's residence.

2. SAME. *Defence. Insolvency of execution-debtor.*
   The absence of actual damage to the plaintiff in execution, because of the insolvency of the execution-debtor, or the like, is no defence against a motion,

under the Code of 1871, sect. 227, against the sheriff, for failure to return the execution. *Dailey* v. *The State, ante,* p. 475, distinguished.

3. Sheriff's Bond. *Code 1871, sect. 309, construed.*

The meaning of sect. 309, of the Code of 1871, is that an informal bond shall be valid and binding, — not as a common-law bond, but as a statutory bond, — and entitle parties protected by it to invoke all the remedies pointed out by the law-giver.

4. Motion against Sheriff. *When plaintiff must prove judgment.*

Where a plaintiff in execution, on a motion under sect. 227 of the Code of 1871, against a sheriff of another county for failure to return an execution, counts on his alleged judgment for the amount thereof, and not on the execution, and the sheriff takes issue on the allegation of the judgment's existence, the plaintiff must introduce the judgment in evidence to make out his case.

5. Same. *General rule.*

*Semble,* that, generally, he who moves under the Code of 1871, sect. 227, against a sheriff, should be required to produce the judgment on which the execution issued. Campbell, J., doubted.

Error to the Circuit Court of Madison County.

Hon. S. S. Calhoon, Judge.

A motion was made against the sheriff of Lincoln County, on the ground stated in the opinion of the court.

The first plea of the sheriff and his sureties, to the motion against them, denied all and singular the allegations of the motion, and on this plea R. J. Ross, administrator, etc., joined issue.

*R. H. Thompson,* for the plaintiff in error.

1. The change of venue should have been allowed. Code 1871, sects. 227, 522. The motion falls within the statute, because it is a suit (Burr. L. Dic., tit. "Suit;" Bouv. L. Dic., tit. "Suit;" 6 Wheat. 407 ; 2 Pet. 449 ) ; and is not a local action (Bouv. L. Dic., tit. "Suit ;" *Elder* v. *Helzheim,* 6 Geo. 221) ; and the showing that the defendant resided in Lincoln County was sufficient. *McLeod* v. *Shelton,* 42 Miss. 517. Sect. 227 authorizes the making of the motion in the court to which the execution is returnable. But this does not exclude the right to a change of venue, under sect. 522, if applied for ; otherwise the two sections would be conflicting, whereas they should be so construed as to harmonize. *Scott* v.

*Searles*, 5 Smed. & M. 25; *Grand Gulf Bank* v. *Archer*, 8 Smed. & M. 151; *White* v. *Johnson*, 1 Cush. 68.

2. The demurrers to the special pleas should have been overruled. The reason of the statute is, to protect the judgment-creditor against the officer's negligence. Here the officer was not negligent, and no injury resulted. The case is without the reason and spirit of the statute. "*Ratio legis est anima legis.*" "*Cessante ratione legis cessat et ipsa lex.*" In this State, the cases construing this statute are as follows: *Helm* v. *Gridley*, Walk. 511, recognizes that there may be an excuse; *Izod* v. *Addison*, 5 How. 432, has no bearing on the question; *Morehead* v. *Holliday*, 1 Smed. & M. 625, in the language used, that no excuse is allowable, went beyond the case then to be decided, and is harsh and ill-considered. *Steen* v. *Briggs*, 3 Smed. & M. 326, has no application; *Beall* v. *Shattuck*, 53 Miss. 358, decides the excuse there offered insufficient; while *Dailey* v. *The State*, ante, p. 475, distinctly recognizing that there may be an excuse, decides that the insolvency of the judgment-debtor is a defence. See also 3 B. Mon. 325; 1 Litt. 254; 3 Metc. 184, 324; 2 La. An. 370, 407, 411; 3 La. An. 622; 12 La. An. 174; 4 Zab. 542, 627; 10 Ohio, 47; 16 Ohio, 50; 3 Ohio St. 522; 10 Ohio St. 28, 77. It is a perfect defence to show that the plaintiff has not been damaged. Freem. on Ex., sect. 368; Herman on Ex., sect. 414.

3. The bond should not have been admitted in evidence. The motion under sect. 227, Code 1871, can be predicated only on a statutory bond, and the bond offered was not a statutory bond, because not conditioned as required by sect. 219, Code 1871, which is not cured by sect. 309, Code 1871, the only effect whereof is to make the bond a valid common-law obligation.

4. The failure to show the judgment is fatal to the case. 3 Denio, 45; 2 Greenl. on Ev., sect. 592; 2 Chitty's Pl. (7th ed.) 748; 3 Stark. on Ev. (7th ed.) 1344; 2 Ph. on Ev. 403; 7 Hill, 35; 16 Wend. 567; 9 Wend. 233; 6 Cow. 221; 13 Wend. 35; 16 Ohio St. 50.

*J. A. Brown*, on the same side, filed a brief.

---

*E. J. Bowers* and *Jenkins & Little*, for the defendant in error.

1. The change of venue was properly refused. Code 1871, sects. 227, 522; *Read* v. *Renaud*, 6 Smed. & M. 79; *Bank of Vicksburg* v. *Jennings*, 5 How. 425. Sect. 227, Code 1871, is conclusive.

2. The demurrers to the pleas were properly sustained. *Helm* v. *Gridley*, Walk. 511; *Steen* v. *Briggs*, 3 Smed. & M. 326; *Morehead* v. *Holliday*, 1 Smed. & M. 625; *Beall* v. *Shattuck*, 53 Miss. 358; *Dailey* v. *The State*, *ante*, p. 475

3. The bond was properly admitted in evidence. It is a compliance with sect. 219, Code 1871; and, if defective, is cured by sect. 309, Code 1871.

4. It was unnecessary to introduce the judgment; the execution was sufficient. That was all that was offered in *Helm* v. *Gridley* and *Steen* v. *Briggs*, *supra*. The only issue in these cases is as to the *return* of the execution. The liability arises from failure to return the writ. It is equally the sheriff's duty to return it, whether there is or is not a judgment. The introduction of the judgment is not only non-essential, but also improper.

*E. J. Bowers*, of counsel for the defendant in error, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Motion against the sheriff of Lincoln County for failure to return a *fieri facias* issued from and returnable to the Circuit Court of Madison County.

The application for a change of venue was properly denied. These motions are determinable in the court to which the process is returnable, and not in the county of the residence of the defaulting officer. Code 1871, sect. 227.

The pleas filed by the defendant set up, in different shapes, that the plaintiff was not damnified by the failure to return the execution, because of the insolvency of the judgment-debtor, and for other reasons.

Demurrers were properly sustained to them. The penalty

denounced against an officer for failing to return final process, by sect. 227 of the Code, is strictly in the nature of a penalty to be inflicted upon him for neglect of duty, and, while it inures to the benefit of the plaintiff in execution, is in no manner dependent upon any actual damage sustained, as is well settled by the former adjudications of this court. *Steen* v. *Briggs*, 3 Smed. & M. 326; *Morehead* v. *Holliday*, 1 Smed. & M. 625; *Beall* v. *Shattuck*, 53 Miss. 358.

The case of *Josiah Dailey* v. *The State* (*ante*, p, 475), relied on by plaintiff in error, was not a motion, under sect. 227 of the Code, for the recovery of the statutory penalty, but a common-law action for damages, brought on the sheriff's bond, after his retirement from office. In such a suit, of course, a recovery could be defeated by showing that, in point of fact, no damage had been sustained. We do not mean to say that there may not be some circumstances, such as physical impossibility to return the writ, or the act of God, or the like, which will defeat a motion for the statutory penalty, but only that no such facts are pleaded here, and that absence of actual damage to the plaintiff will not have that effect.

The absence from the sheriff's bond of one of the conditions prescribed for such instruments by sect. 219 of the Code was immaterial. The conditions which were contained in it were ample to bind the sureties for the default here complained of. The bond was in literal compliance with the form prescribed by sect. 309 of the Code; and even if it had not been, by the express terms of said section it would have been perfectly "valid and binding." The meaning of the section is, not, as counsel argue, that it shall be good, in the absence of the prescribed form, as a common-law obligation, but that it shall be valid and binding as a statutory bond, and entitle parties protected by it to invoke all the remedies pointed out by the law-giver.

Upon the trial of the motion, plaintiff below contented himself with the introduction in evidence of the writ of *fieri facias*, without producing the judgment upon which it was

based. The attention of the court below does not seem to have been called to the question of whether it was incumbent on the plaintiff to produce the judgment, save in the motion for a new trial, upon the ground that the finding and judgment " was wrong upon its merits ; " but, as it is a question of the sufficiency of evidence to support the finding, it was competent to raise it in that manner, and we must consider it.

It is well settled that, in actions against an officer for a false return, the plaintiff cannot recover without alleging and proving a valid judgment, and the rule seems to be the same in the common-law actions for a failure to return, though upon the latter point the authorities are more meagre and less decisive. 3 Denio, 45 ; 2 Greenl. on Ev., sect. 592 ; 2 Chitty's Pl. 748 ; 3 Stark. on Ev., sect. 1344 ; 7 Hill, 35 ; 5 Vt. 124 ; 13 Ired. 26 ; 16 Ohio, 52 ; 9 Wend. 233. Whether the same rule should be applied to statutory motions for penalties, the recovery of which, as we have seen, depends in no manner upon the question of damage to the plaintiff, is left untouched by the authorities, so far as we have found, except that the affirmative seems to have been assumed in *Moore* v. *McClief*, 16 Ohio St. 52.

Undoubtedly the officer could defeat a recovery by showing the invalidity of the judgment, or that there was no judgment ; and we incline to think that the safer rule will be to impose upon the plaintiff the burden of producing the judgment. Certainly there can be no hardship in such a rule, since he is allowed to bring the officer from a distant part of the State to litigate in the court where the judgment has been recovered, and where it can without difficulty be produced.

An execution without a judgment is a nullity, and may be wholly disregarded. It would seem, therefore, that he who seeks to make the officer liable for neglecting the writ, should be required to show that there was authority for its issuance, especially where, without alleging or proving that he has been in any manner damnified, he invokes against the officer a

statute so peremptory, so harsh, and so highly penal as the one under consideration.

The statute declares that when the sheriff shall have paid the judgment it shall by operation of law be transferred to him. It would seem that the plaintiff should be required to show that there is an existent, valid judgment, which will, upon payment, be transferred.

Certainly in this case the duty of proving the judgment devolved upon the plaintiff, who, in his motion, — which is quite inartificially drawn, — counted upon the judgment, and not upon the execution. There is no recital of the contents of the latter, or of its reception by the sheriff. The motion is for the amount of the judgment, "because of the failure of said sheriff to return the said *fieri facias* issued upon said judgment, and to him directed." This is the only allusion in the motion to the *fieri facias,* and there is no other recitation than this of any default of the sheriff in connection with it. Having counted upon the judgment, it was certainly obligatory upon the plaintiff to produce it.

Judgment reversed.

CAMPBELL, J. :

I doubt as to the requirement to produce the judgment in a motion against a sheriff for failure to return an execution.