## P. H. TAPP ET AL. *v.* S. A. BONDS ET AL.

1. SHERIFF. *Execution. Failure to return. Motion. Where made.*
    Motion against a sheriff for failure to return an execution, under Code
    1871, § 227, should be made and determined in the court to which
    the writ is returnable, although the defaulting officer resides in an-
    other county, of which he is sheriff. *Cox* v. *Ross*, 56 Miss. 481,
    cited.

2. SAME. *Return of nulla bona before return-day. Not within statute.*
    Return of the writ, indorsed no property found, within four days after
    its receipt, and several months before the return-day, will not sup-
    port a motion under Code 1871, § 227, for failure to return on the re-
    turn-day.

3. SAME. *Expiration of official term. Effect on motion.*
    The motion, under Code 1871, § 227, can be maintained against the
    sheriff and his sureties after his term of office has expired.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

*W. L. Clayton*, for the plaintiffs in error.

1. The proper construction of the statute is, that, if the
sheriff fails to have the execution in court on the day it is re-
turnable, the forfeiture is fixed on him and his sureties. One
day after the return-day is too late. *Steen* v. *Briggs*, 3 S. &
M. 326. Is not five months before the return-day too early ?
In *Beall* v. *Shattuck*, 53 Miss. 358, a modification of the charge
that the return must be *on* the return-day, by inserting " or
before," was held erroneous. The forfeiture results not from
the injury to the plaintiff, but simply from the language of the
law, which is " *on* the return-day."

2. The fact that Bonds was sheriff of Itawamba County,
while the execution was returnable to the Circuit Court of Lee
County, does not take the case out of Code 1871, § 227. Op-
posing counsel err in arguing that it falls under Code 1871,
§ 700, which does not refer to *final* process ; and, if it does,
the former section is not thereby abrogated.

3. Motion can be made, under Code 1871, § 227, after the
officer's term has expired and he has gone out of office, other-
wise the statute affords but partial remedy, for the sheriff by

vacating his office could at any time defeat a recovery, and, where his term expired before the return-day, no motion could be made. The words "sheriff" and "officer" in the section are descriptive of the person, and do not mean that the motion shall be made while he holds the office.

*J. A. Brown,* on the same side.

1. The first ground of demurrer, that the motion was in the Circuit Court of Lee County, from which the execution issued, and to which it was returnable, while Bonds was sheriff of Itawamba County where he resided, has been decided adversely to the demurrants. *Cox* v. *Ross,* 56 Miss. 481.

2. Bonds would not have been liable to this motion if he had complied with his duty by delivering the writ to his successor in office; but, by returning it five months too early, he released his successor and made himself liable. *Fondrin* v. *Planters' Bank,* 7 Humph. 447; *Richards* v. *Porter,* 7 Johns. 137; *Campbell* v. *Cobb,* 2 Sneed, 18. The statute, which reads " *on* the return-day," cannot be held to mean " before." *Beall* v. *Shattuck,* 53 Miss. 358. Had that been the intent, fit words would have been used to express it. Executions by law (Code 1871, § 839) run from one to six months, and the plaintiff has the right to that time in which to find property. Return of *nulla bona,* four days after receipt of the writ, violates both the letter and the spirit of the statute allowing the motion.

3. Escape is impossible on the ground that Bonds is out of office. His successor having been released by him, no one, in that event, would be liable. The motion lies by virtue of the statute, not because he is an officer of court. His sureties are not officers. The context shows that the word " sheriff " is *descriptio personæ,* for the beneficial and penal clauses of the statute describe him alike, and, if he ceases to be liable by losing the name " sheriff," he by the same means forfeits his rights to judgments which he has paid. The construction that because the word " sheriff " is used, the statute refers to the officer and not the man, if applied to other parts of the Code of 1871 — as, for instance, §§ 2466, 2469, 2470, 2489, 2575 — would demolish criminal law in the State, and would preclude remedy on the sheriff's official bond under Code 1871, § 220.

*Finley & Cayce*, for the defendants in error.

1. As Code 1871, § 227, is highly penal, and summary in its operation, it must be strictly construed and not extended. The case must be within its letter and spirit before that law can be invoked. *Banks* v. *Caye*, 1 How. 293; *Foote* v. *Vanzandt*, 34 Miss. 40; *Hill* v. *State Bank*, 5 Porter, 537. It is not to be presumed, in the absence of express words to that effect, that the intent of such a statute was to confine the officer to a single day to return the writ, but rather that it was to prescribe the limit for the return, beyond which it would be too late. All statutes *in pari materia* must be construed together, and a consideration of the object of the statute in connection with other parts of the same statute readily furnishes a proper construction. Code 1871, § 282. Sheriffs are not compelled to wait until the return-day, but should return executions as soon as they discover that no property can be found. Crocker on Sheriffs, 409; *Tyler* v. *Willis*, 33 Barb. 327; *Steen* v. *Briggs*, 3 S. & M. 326. Such has long been the custom, which itself affords a means of construction. 1 Kent Com. 574, note. That rule is reasonable, while the one contended for by opposing counsel would be inconvenient and oppressive.

2. Bonds being sheriff of Itawamba County, in which he resided, the motion could not prevail in the court to which the writ was returnable. Sect. 700 is the provision of the Code applicable to this case. The appropriate remedy for neglect to levy, where there is property of the defendant in execution, is by a suit against the sheriff for damages, which must be brought in the county of his residence.

3. Summary methods of enforcing penalties are allowed to courts against their officers, by reason of the official relation, and when the relation is dissolved the remedy ceases to exist. The statute provides for motions against officials only. If strictly construed, it does not embrace this case, in which the officer's term expired before the motion was made. The court will take judicial cognizance of the expiration of terms of office. *Stubbs* v. *State*, 53 Miss. 437. The rule of strict construction applies to penal statutes in favor of the person who is alleged to be liable, but not of the other party.

GEORGE, C. J., delivered the opinion of the court.

The plaintiffs in error made a motion in the Circuit Court of Lee County against the sheriff of Itawamba County and his sureties, under § 227 of the Code of 1871, to recover the amount of an execution in their favor, issuing from the circuit clerk's office of the first-named county, upon the ground that the said sheriff had failed to return the same on the return-day thereof. The motion showed that the execution was received by the sheriff on September 20, 1877, and was returned by him to the proper office on the twenty-fourth day of the same month, when the process was not returnable till the third Monday in February, 1878. A demurrer was interposed to the motion on several grounds: 1st, that the motion should have been made in the Circuit Court of Itawamba County, in which the sheriff resided; 2d, that the motion showed on its face that the execution was properly returned; 3d, that the sheriff's term of office had expired, and he was no longer subject to be proceeded against by motion. The court sustained the demurrer and dismissed the motion.

The first ground of demurrer is not well taken. The motion was properly made and determined in the court to which the execution was returnable, and not in the county of the residence of the defaulting officer. *Cox* v. *Ross,* 56 Miss. 481. It is insisted in support of the motion that the Statute (Code 1871, § 227) requires the return of the execution to be made on the very day named in it as the return-day, and that a return of it before that day is equally a violation of the law as a return made afterwards. We do not consider this a just construction of the statute. It is true the statute says, " if any sheriff, coroner, or other officer shall fail to return any execution to him directed, *on the return day thereof,*" the plaintiff shall recover; but we do not consider that this means that the act of making the return shall be performed on that day and no other. The object of the statute was to secure the presence of the execution in the clerk's office from which it emanated, with the proper return of the sheriff thereon, on the day to which it was made returnable, so that the plaintiff might inspect the same, and ascertain how the sheriff had executed it. This object would be as well secured by the return and deposit

of the execution in the clerk's office before the return-day as it would be by the performance of these acts on that very day. If the sheriff has obtained the money on an execution, or has ascertained that he cannot make it or any part of it, no good purpose could be subserved by his retaining the writ. Crocker on Sheriffs, § 427 ; *Lewis* v. *Garrett*, 5 How. 434.

If the sheriff fails to retain the execution long enough to ascertain fully that nothing can be made out of the defendant, and, by a premature return, loses an opportunity of obtaining the money, or some part of it, whereby the plaintiff is damnified, he would be liable for such damages as were incurred by his neglect, but for nothing more. Sect. 225 of the Code makes it the duty of the sheriff to execute every writ or other process to him directed, and to make due return thereof " on the day to which the same is returnable," and imposes a fine not exceeding one hundred dollars for each failure therein. The language in this section requiring the return of process to be made on the return day thereof is just as strong as in § 227 under consideration, yet it has never been supposed that if a summons, subpœna, or writ of *venire facias* was returned before the return-day, the sheriff would be liable to the fine.

We do not think the third ground of the demurrer well taken ; to wit, that the motion cannot be maintained against the sheriff after his term of office has expired. We perceive no good reason why the motion should be allowed as to a sheriff while in office and denied as against the same person for the same default as soon as his term has expired. The object of the statute is to require prompt performance of their duties by sheriffs, and to give plaintiffs in execution ample remedy for the particular fault of not returning an execution in proper time. A large part of the efficacy of the statute would be destroyed, if its operations were cut short as soon as a sheriff went out of office. The language of the statute makes no distinction between sheriffs in office and those whose terms have expired. So far as relates to the question we are now considering, it is the same as § 229, which gives the remedy by motion against sheriffs for failing to pay over money collected on execution. In *Laughlin* v. *Wright*, MS., decided by the High Court of Errors and Appeals, it is conceded that a motion will

lie against a sheriff and his sureties after the expiration of his term, to compel a payment of money collected on execution, and in the case of *Livingston* v. *McCloy*, MS., decided by the Supreme Court, such a motion was sustained. The same conclusion has been reached in *Barton* v. *Peck*, 1 Stew. & Port. 486; *Buckmaster* v. *Drake*, 5 Gilman, 321; *Beaird* v. *Foreman*, 1 Scammon, 40. And in *Earl* v. *Smith*, 26 Texas, 522, it was held that a similar statute of that State allowed the motion, after the sheriff's term had expired, for a failure to return an execution. We see no good reason for restricting the operation of the section as contended for.

*Judgment affirmed.*