WATSON *v.* BOYETT *et al.*[*]

(Division B. Nov. 5, 1928.)

[118 So. 629. No. 27345.]

*Corpus Juris Cyc References:  Sheriffs and Constables, 35Cyc, p. 1936, n. 31; p. 1946, n. 24, 27; p. 1956, n. 57; p. 1957, n. 78.

*Frank E. Everitt* and *J. M. Forman,* for appellant.

*Shands, Elmore & Causey* and *B. B. Allen,* for appellee, J. R. Boyett.

*Wells, Stevens & Jones,* for appellee, Mississippi Fire Ins. Co.

ANDERSON, J. Appellant, as plaintiff in an execution, filed a motion in the circuit court of Sunflower county against appellee J. R. Boyett, sheriff of said county, and the other appellees, sureties on his official bond, under section 4670, Code 1906 (Hemingway's 1927 Code, section 3293), to recover the statutory damages provided by that statute for the failure of appellee J. S. Boyett, as such sheriff, to return an execution, according to its command, issued on a judgment in favor of appellant against

one C. G. Boyett. There was a trial, and judgment rendered in favor of the appellees. From that judgment, appellant prosecutes this appeal.

On March 21, 1927, appellant recovered a judgment in the circuit court of Sunflower county against C. G. Boyett in the sum of four thousand, seventy dollars and costs. On the 18th day of April, 1927, execution was issued on the judgment and placed in the hands of appellee J. R. Boyett, as sheriff, returnable to the September, 1927, term of the circuit court of Sunflower county, which convened on the 12th day of September of that year. The execution was not returned until December 25, 1927, more than two months after its return date. On November 21, 1927, five days before the execution was returned, appellant filed the motion in this case against appellee J. R. Boyett, as sheriff, and the other appellees, sureties on his official bond, to recover the amount of the execution and the costs, with interest thereon, with five per cent. damages on the amount of the judgment, alleging as a ground therefor the breach of his official bond by appellee J. R. Boyett, as such sheriff, in failing to return the execution according to its command.

The statute under which the appellant's motion was made is in the following language:

"If any sheriff, coroner, or other officer, shall fail to return any execution to him directed, on the return-day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff, coroner, or other officer and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, with five per centum on the full amount of the judgment for damages, to be recovered by motion before the court to which the execution is returnable, on five days' notice first given thereof; but after the sheriff, coroner, or other officer or his sureties shall have paid the amount of money and damages recovered, then the original judgment and execution shall be vested in the

officer or his sureties paying the recovery and damages, for his or their benefit; and execution may issue on the original judgment, in the name of the plaintiff, for the use and benefit and at the cost and charges of the officer or his sureties in whom the judgment may be so vested. Nothing herein contained shall affect any other remedy against officers for failing to return executions, and the remedy given by this section shall apply in favor of county treasurers, clerks, and other officers and witnesses, for the recovery of all jury taxes, fees, and costs, with interest and damages thereon, in the same manner as to plaintiffs in execution. In any proceeding against a sheriff or other officer for failing to return any process, proof that the process was put in the post office, duly addressed to him, and that the postage was paid thereon, shall be *prima-facie* evidence of the receipt thereof by the officer.''

One ground of appellee's defense to the motion was that appellant was not entitled to recover the penalty provided by the statute because of a conversation which took place a short time before the return day of the execution between J. S. Watson, husband and agent of the appellant, and appellee J. R. Boyett, as sheriff, having in his hands the execution in question. With reference to what occurred between J. S. Watson and appellee J. R. Boyett, as sheriff, the testimony of the latter was undisputed. His testimony as to that conversation was as follows:

''Q. Who is Mr. J. S. Watson? A. Sam Watson, former sheriff of Sunflower county. Q. What is his relation to Mrs. A. V. Watson? A. Husband. Q. State whether or not he is the general agent of Mrs. A. V. Watson. MR. EVERITT: We object to that. COURT: Overruled. Exception by plaintiff. A. I don't know, he attends to her business. Q. State whether you had any conversation with Mr. J. S. Watson with reference to this execution. A. I did. Q. Where? A. In my private office on

the east side of the building, just east of the vault. Judge Everitt: We object to all this testimony. Court: Ruling reserved. Q. That was the sheriff's office here in the court house? A. Yes, sir. Q. What was that conversation? A. Mr. Watson told me that he was needing money pretty bad, that he was in bad health and had stayed away for his health and if I would settle with him for this amount, I could get my money from my brother and he would settle fifty cents on the dollar, and I told him I couldn't do it at that time and he said 'What will you make a proposition of' and I said 'Not any at all. I have none to make.' Q. He said he needed the money? A. Yes, sir. That he was on a heavy expense and had to stay away for his health. Q. How long was that before the court convened? A. Just a few days, just a short time. Q. What did he say with reference to whether the execution against C. G. Boyett was worth anything? A. He said it wasn't worth anything but that I could get something in the future and he couldn't, that was why he wanted to sell me the notes or debt. Q. What did you state to him, if anything, with reference to his pointing out any property that C. G. Boyett might have? A. He asked me if C. G. Boyett didn't own that store, and I told him he didn't. He said 'Well, you are in position where you can at some future time get your money, and I can't and I need it very bad.' Q. As I understand it then, the idea was he wanted to trade with you on the execution? A. Yes, sir. That is what he was trying to do. Q. The conversation—was that friendly? A. Yes, sir, it was that friendly that he finally stated 'Loan me five thousand dollars, if you can't do that' and said 'I need the money and I will give you good indorsement.' I said: 'I can't help that. I haven't got the money.' "

It will be observed from the testimony of this witness that the conversation about which he testified occurred shortly before the return day of the execution, and that J. S. Watson, husband of the appellant, was acting for

appellant and was in the habit of attending to her business.

Appellant objected to any evidence in defense of the motion upon the ground that appellees had failed to plead to the motion. The court overruled that objection, and that action of the court is one ground of alleged error relied upon by appellant. Appellees were not required to plead to the motion. A motion, under this statute, is a summary proceeding, and formal pleadings are not required. In such cases the pleadings after the motion are carried on *ore tenus*. *Lewis* v. *Garrett,* 5 How 434-457.

Appellees contend that the conversation between the husband of appellant and appellee J. R. Boyett, as sheriff, which took place shortly before the return day of the execution, testified to by the latter as set out above, constituted a defense to the motion in that the conversation was calculated to lull appellee Boyett, as sheriff, into a lack of diligence in making return of the execution, while appellant undertakes to maintain the converse of that position.

The statute involved is highly penal, *Simms* v. *Quinn,* 58 Miss. 225; *Skinner* v. *Wilson,* 61 Miss. 90; *Cox* v. *Ross,* 56 Miss. 481. In the first case above, the court, in its opinion, referred to the penalty provided by the statute as severe; in the second case, the court said, among other things:

"Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that *very slight circumstances* are held to exempt officers from their operation."

In the last case, the court, in its opinion, referred to the statute as peremptory, harsh, and highly penal. Under the statute if a sheriff fails to make return of an execution in his hands, according to its command, he is made liable for the penalty denounced by the statute whether the defendant in execution be solvent or insolvent. In other words, the statute makes the sheriff liable even

though it be shown that the judgment upon which the execution was issued was absolutely worthless. *Cox* v. *Ross, supra.* We think the present case is a stronger case for the sheriff than either of the cases above cited. Here we have the plaintiff in execution, through her agent, her husband, shortly before the return day of the execution, admitting to the sheriff that nothing could be made out of the defendant in execution. That, in connection with the balance of the conversation that took place between them as above set out, we think, constituted more than a slight circumstance calculated to throw the sheriff off of his guard—to make him less diligent in the performance of the duties required of him by the statute. We are of the opinion that it was sufficient to relieve the sheriff from the extreme penalty of the statute.

Appellant contends further that the court in ruling out certain evidence offered by appellant tending to show that the defendant in execution had property upon which execution could have been levied, and the judgment, in whole or in part, satisfied, was error. The proposed evidence was properly excluded by the court. This was a proceeding under the above statute alone. The statute expressly provides that nothing therein contained shall affect any other remedy against officers for failing to return executions. An action by a plaintiff in execution for a breach of duty by the sheriff to levy an execution in his hands on property of the defendant in execution cannot be maintained under this statute.

*Affirmed.*