McInnis *et al. v.* Parker *et al.*

(Division B.   Nov. 21, 1938.)

[184 So. 418.   No. 33396.]

**McIntosh & McIntosh,** of Collins, for appellants.

**Edwards & Edwards,** of Mendenhall, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellants, McInnis and Pace, filed a motion in the circuit court of Simpson County against appellees, Bishop, the sheriff of said county, and the sureties on his official bond, to recover the penalty of $100 provided by Section 2981, of the Code of 1930. The court held appellees not liable for the penalty and entered judgment accordingly, from which judgment appellants prosecute this appeal.

Appellants recovered a judgment in the circuit court of Simpson county against E. N. Parker and his wife, Amanda Parker, on which execution was issued and put in the hands of the sheriff. The sheriff failed to mark on the execution the day of its receipt. So far as the evidence goes, this is the only one he had in his hands. The execution defendants had no property out of which the judgment could be made. The sheriff so returned on the execution.

Section 2981 provides, among other things, that the sheriff shall mark on all process the day of the receipt thereof by him, and for failure so to do, he shall forfeit to the party "aggrieved" the sum of $100. The question

is whether appellants were aggrieved by the failure of the sheriff to note on the execution the date of its receipt. We are of the opinion they were not—they suffered no loss or injury whatever.

The question is analogous to that involved in Watson v. Boyett, 151 Miss. 726, 118 So. 629. The penalty claimed against the sheriff in that case was under Section 3317, Code of 1930, Section 4670, Code of 1906. That section provides, among other things, that if the sheriff shall fail to return an execution on the return-day, the plaintiff therein shall be entitled to recover judgment against him and his sureties for the amount of the execution, and all costs, with lawful interest thereon until the same shall be paid, and, in addition, five per cent of the judgment as damages.

The husband of the plaintiff in execution, acting as her agent, had a conversation with the sheriff which was calculated to lead the latter to believe nothing could be made on the execution. The court held that the conversation was sufficient to relieve the sheriff from the statutory penalty—that the statute was highly penal and the sheriff would be exempt from its operation by "slight circumstances."

Affirmed.