BOWLING, Justice,
for the Court:
Appellant Nitto Denko America, Inc., secured a default judgment in the amount of $69,450 against appellee ABCD Tapes, d/b/a Dixie Tape Company. Execution was issued on the judgment on May 30, 1980, returnable to the July 1980 term of Circuit Court in Harrison County; the term to be convened by statute on July 14.
The stamped return on the execution showed the stamp of appellee Sheriff Howard L. Hobbs, was dated July 21, 1980, and was signed by Deputy Sheriff McKenna. The stamp was a form “nulla bona” stamp. Appellant filed its motion for judgment alleging that the sheriff and his surety, United States Fidelity & Guaranty Company, should have judgment entered against them by the court pursuant to the provisions of Mississippi Code Annotated, section 19-25-41, (1972). This statute provides as follows:
Liability of sheriff for failure to return execution.
If any sheriff or other officer properly authorized to act for him, shall fail to return any execution to him directed, on the return day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff or other officer, and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, and with five per centum on the full amount of the judgment as damages, to be recovered by motion before the court to which the execution is returnable, on five days’ notice first being given thereof. However, after the sheriff or other officer, or the sureties shall have paid the amount of money and damages recovered, then the original judgment and execution shall be vested in the officer or his sureties paying the recovery and damages, for his or their benefit, and execution may issue on the original judgment in the name of the plaintiff, for the use and benefit and at the cost and charges of the officer or his sureties in whom the judgment may be so vested. Nothing herein contained shall affect any other remedy against officers for failing to return executions, and the remedy given by this section shall apply in favor of county treasuries, clerks, and other officers and witnesses, for the recovery of all jury taxes, fees, and costs, and interest and damages thereon, in the same manner as to plaintiffs in execution. In any proceeding against a sheriff or other officer for failing to return any process, proof that the process was put in the post office, duly addressed to him, and that the postage was paid thereon, shall be prima facie evidence of the receipt thereof by the officer.
Appellant introduced the court papers, the surety bond, and the original execution after it was returned to the office of the clerk. No testimony was introduced by appellant regarding what occurred during the time the execution was in the office of the sheriff.
Appellees presented the testimony of Deputy Sheriff Edward F. McKenna, who handled the entire transaction regarding the writ of execution. He testified that he made eight or ten trips during the time he had the execution to the place of business formerly occupied and operated by ABCD Tapes, d/b/a Dixie Tape Company. He testified that on none of the trips could he find anyone or anything upon which he could levy execution. Pictures were introduced to show the premises during this period of time. McKenna testified that all his trips in an effort to levy execution on the judgment were made prior to July 14, 1980, the return date. He testified that the writ was placed in the return basket at the proper time, but that for some reason the nulla bona stamp was not placed on the return until July 21, 1980.
*206 The president of ABCD Tapes, Inc. testified regarding McKenna’s effort to serve the execution. He stated that he was contacted by McKenna before July 14. He further testified that there was nothing in the building at anytime upon which execution could be levied. What little equipment was in the old building was not owned by ABCD Tapes.
Two attorneys testified, both of whom were involved in federal court judgments against ABCD Tapes. They testified that nothing was in the building or on the premises of the judgment creditor upon which execution could be levied. What equipment was in the building was seized under a prior federal execution.
After a hearing on the appellant’s motion for judgment against Sheriff Hobbs and his surety, the circuit judge found as a fact that during the time of the outstanding execution there were no assets of ABCD Tapes, Inc. on its premises to be found by Deputy McKenna on his eight or nine trips. The court further found that Deputy McKenna was diligent in his efforts to levy on the writ of execution, and that he actually returned the writ to the sheriff’s office prior to the return date. The circuit judge found these facts by a preponderance of the evidence and beyond a reasonable doubt. He further found that Deputy McKenna was diligent, did exactly what he was required to do, and everything was done properly except the date written on the nulla bona stamp. The trial judge denied appellant’s motion for judgment against appel-lees, Hobbs and U.S.F.&G.
Appellant relies on several old cases principally Beall v. Shattuck, 53 Miss. 358 (1876), in contending that the statute in question should be strictly construed in all cases regardless of undisputed facts as existed in the case sub judice. We cannot agree with this contention. It is a well-recognized principle of law that penal statutes are to be strictly construed. It is hard to imagine a statute more penal than MCA § 19-25-41. This Court had a similar question before it in the case of Watson v. Boyett, 151 Miss. 726, 118 So. 629 (1928). We held there that very slight circumstances would exempt officers from being penalized under the statute in question. We said:
The statute involved is highly penal, Simms v. Quinn, 58 Miss. [221] 225; Skinner v. Wilson, 61 Miss. 90; Cox v. Ross, 56 Miss. 481. In the first case above, the court, in its opinion, referred to the penalty provided by the statute as severe; in the second case, the court said, among other things:
“Wherever, -indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation.”
In the last case, the court, in its opinion, referred to the statute as peremptory, harsh, and highly penal. Under the statute, if a sheriff fails to make return of an execution in his hands, according to its command, he is made liable for the penalty denounced by the statute whether the defendant in execution be solvent or insolvent. In other words, the statute makes the sheriff liable even though it be shown that the judgment upon which the execution was issued was absolutely worthless. Cox v. Ross, supra. We think the present case is a stronger case for the sheriff than either of the cases above cited. Here we have the plaintiff in execution, through her agent, her husband, shortly before the return day of the execution, admitting to the sheriff that nothing could be made out of the defendant in execution. That, in connection with the balance of the conversation that took place between them as above set out, we think, constituted more than a slight circumstance calculated to throw the sheriff off of his guard — to make him less diligent in the performance of the duties required of him by the statute. We are of the opinion that it was sufficient to relieve the sheriff from the extreme penalty of the statute.
In the present case it is undisputed that Sheriff Hobbs through Deputy McKenna was as diligent as possible in trying to levy *207 on the writ of execution. As stated, he made eight or ten trips and contacted all he knew to secure information about property on which the levy possibly could have been made. It is undisputed that all of his efforts to secure execution were made prior to the first day of the July 1980 term, and the writ of execution duly placed in the proper place to be returned to the clerk’s office. Through oversight the nulla bona stamp was not affixed to the writ of execution until seven days after the court term commenced. In our opinion, these undisputed facts certainly were “slight circumstances” which require that the highly penal statute not be applied.
We hold that the circuit judge had ample evidence to deny appellant’s request for judgment under the statute in question.
AFFIRMED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.