ROY NOBLE LEE, Presiding Justice,
for the Court:
Martha Moore Bonds has appealed from a decree of the Chancery Court of Tishom-ingo County., favorable to her and against James J. Bates, Sheriff of Tishomingo County, in the sum of sixteen hundred eighty dollars ($1,680), resulting from the failure of Sheriff Bates to return a writ of execution on the return date. She contends that the decree should have ordered payment of the full judgment in the amount of twenty-one thousand eight dollars ninety-four cents ($21,008.94). Sheriff Bates cross-appealed and contends that Mrs. Bonds was not entitled to a judgment against him for any sum.
I. — II.
Did the lower court err in awarding appellant $1,680.00 against the appellee, rather than $21,008.94, as provided by statute?
Did the lower court err in holding that there were not slight circumstances which relieved the appellee James J. Bates, Sheriff of Tishomingo County, from the penal application of Mississippi Code Annotated § 19-25-41 (1972), as amended?
The material facts of the case are uncon-tradicted. On May 24, 1977, the Chancery Court of Tishomingo County entered a de *1021 cree awarding appellant judgment in the amount of $21,008.94 against George Mitchell Bonds for child support and alimony. Subsequently, a writ of garnishment was issued against Life and Casualty Insurance Company of Tennessee directed to the cash value of three separate insurance policies issued in the name of Bonds. See 409 So.2d 704 (Miss.1982). On January 27, 1981, a writ of execution was issued by the Chancery Clerk of Tishomingo County for the purpose of levying on certain personal property of Bonds and was returnable to the third Monday of February, 1981, being the first day of the February Term of Chancery Court in Tishomingo County.
The February, 1981 Term of the court convened and passed without the writ of execution being returned by Sheriff Bates. Likewise, no return was made on the writ of execution at the May, 1981 Term of the Tishomingo County Chancery Court.
On March 31,1981, a motion was filed by appellant’s attorney to recover judgment against the sheriff and his sureties for the amount of the execution (judgment) and was heard in vacation in June, 1981. The lower court found that the return was not made until June 2, 1981; that the sheriff had not been misled by the judgment creditor or her attorneys, either directly or indirectly, in any way; and that very slight circumstances were not present in the case which would exempt the sheriff and his sureties from liability imposed under Section 19-26-41.[1]
The pertinent part of Section 19-25-41, with which we are confronted, follows:
If any sheriff or other officer properly authorized to act for him, shall fail to return any execution to him directed, on the return day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff or other officer, and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, and with five per centum on the full amount of the judgment as damages, to be recovered by motion before the court to which the execution is returnable, on five days’ notice first being given thereof....
The above section dates back to Hutchinson’s Code of 1848 and has remained practically unchanged. Beginning with Morehead v. Holiday, 1 Smedes & M 625 (1844), which antedates Hutchinson’s Code of 1848, the Court cited a statute which provided that:
If any sheriff shall fail to return an execution to him directed, on the return day thereof, the plaintiff in the execution may recover judgment against such sheriff, and his sureties, for the amount of such execution, with five per cent damages, by motion before the court, to which said execution is returnable, with eight per centum interest on the same till paid. [1 Smedes & M at 627],
In construing the statute, the Morehead Court said:
This provision is too plain to require comment. The failure of the sheriff to make return in due time, renders him absolutely and without exception liable for the debt. The measure seems to be a harsh one, but having been imposed by the legislature, we have no power to dispense with it. The pleas offered interposed no bar to the recovery of the plaintiff. [1 Smedes & M at 627-28].
Beall v. Shattuck, 53 Miss. 358 (1876), affirmed Morehead in the following language: “It is the duty of the sheriff to return any execution to him directed on the return-day thereof. One day afterwards is too late. Steen v. Briggs, 3 S. & M. 326.” [53 Miss. at 362],
The Court recognized that the statute is highly penal and is to be strictly construed, and began to look at slight circumstances which may relieve sheriffs from the harsh penalty. In Watson v. Boyett, 151 Miss. 726, 118 So. 629 (1928), the Court said:
*1022 [M]ore than a slight circumstance calculated to throw the sheriff off his guard— to make him less diligent in the performance of the duties required of him by the statute. We are of the opinion that it was sufficient to relieve the sheriff from the extreme penalty of the statute. [151 Miss. at 733, 118 So. at 631].
Appellant and appellee cite Rawleigh, Co., Inc. v. Hester, 190 Miss. 329, 200 So. 250 (1941), where the Court said:
Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation. The rule is announced in 57 C.J. § 470 that: Where a process or writ is placed in the hands of a sheriff or constable for service or execution, he is liable if he fails to return the same within the time which is allowed by law for the making of his return thereon, and the fact that a return is made after the expiration of such time does not relieve him of liability for his default; but in order to enforce such liability, it must be shown that the writ was actually placed in his hands for execution, and that he actually failed to return it on the return day. [Citations omitted]. [190 Miss, at 339].
The last case brought to our attention which deals with this question is Nitto Denko America, Inc. v. ABCD Tapes, 419 So.2d 204 (Miss.1982). The Court, considering slight circumstances, said:
In the present case it is undisputed that Sheriff Hobbs through Deputy McKenna was as diligent as possible in trying to levy on the writ of execution. As stated, he made eight or ten trips and contacted all he knew to secure information about property on which the levy possibly could have been made. It is undisputed that all of his efforts to secure execution were made prior to the first day of the July 1980 term, and the writ of execution duly placed in the proper place to be returned to the clerk’s office. Through oversight the nulla bona stamp was not affixed to the writ of execution until seven days after the court term commenced. In our opinion, these undisputed facts certainly were “slight circumstances” which require that the highly penal statute not be applied. [419 So.2d at 107].
The lower court here found that there were no slight circumstances which would relieve the sheriff of all liability for failure to return the writ of execution. We agree. Simply stated, the sheriff of a county must comply with the statute. He is required to make his return on the writ of execution by the return date, unless there are sufficient circumstances that will excuse him. Therefore, we hold that Sheriff Bates is liable for his failure to make the return as required by statute.
The writ of execution in this case specifically enumerated the personal property upon which the levy was to be made. The Sheriff of Tishomingo County was directed “to cause certain personal property owned by George Mitchell Bonds to be sold at public sale ... the property is located in Tishomingo County, Mississippi, and is more particularly described as follows, to-wit, .... ” The lower court held it to be a special writ of execution. Many executions are directed to the officers and command “that of the real and personal estate of _ you cause to be made _dollars, ...” which is a general execution.
The lower court received evidence as to the value of the eight specific personal items enumerated in the writ of execution and awarded judgment for appellee against the sheriff for the value of that property. We think that the decision of the lower court was correct, together with his reasoning in support thereof. Therefore, the judgment of the lower court is affirmed on direct and cross-appeals.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
*1023 APPENDIX
IN THE CHANCERY COURT OF TISHOMINGO COUNTY,
MISSISSIPPI
MARTHA MOORE BONDS,
Complainant
VS. CAUSE NO. 7353
GEORGE MITCHELL BONDS,
Defendant
WRIT OF EXECUTION
TO: THE SHERIFF OF
TISHOMINGO COUNTY, MISSISSIPPI
YOU ARE HEREBY COMMANDED to cause certain personal property owned by George Mitchell Bonds to be sold at public sale at the east door of the Tishomingo County Courthouse in Iuka, Mississippi, said sale being made to satisfy a judgment in favor of the Complainant, Martha Moore Bonds, in the amount of Twenty-One Thousand Six Dollars and Eighty-four Cents ($21,006.83) [sic] less the sum of One Thousand Dollars ($1,000.00) which has been paid plus penalties and interest, said judgment having been entered in the Chancery Court of Tishomingo County, Mississippi, on the 24th day of May, 1977.
The property is located in Tishomingo County, Mississippi, and is more particularly described as follows, to-wit:
1. One 1974 Chevrolet pickup truck.
2. One 1972 Buick automobile.
3. One sixteen-foot Cherokee runabout boat.
4. One eighty-five horsepower Mercury boat motor.
5. One Winchester shotgun.
6. One Coswell and Harrison shotgun.
7. One .22 caliber automatic Browning rifle.
8. One automatic Browning Ruler .44 magnum rifle.
And have you then and there, this writ with your return thereon, said writ being made returnable to the 3rd Monday in February, 1981.
WITNESS my hand, this the 27th day of January, A.D., 1981.
/s/ Robert D. Sims CHANCERY CLERK

. The record reflects that a deputy sheriff went to the home of Bonds four or five times but was never able to contact him or to serve the writ of execution, nor did he find the property to levy on.