### ANDREW SKINNER *v.* BAXTER WILSON ET AL.

1. SHERIFF. *Execution.*
   Executions issued seventeen days before the return term are not void, although received by the sheriff ten days after issuance.

2. SAME. *Special deputy.*
   Special deputies, selected by plaintiffs, are their agents, and the sheriff is not liable for their defaults.

3. SAME. *Failure to return execution. Penalty.*
   Plaintiffs who induce the sheriff to relax his vigilance cannot enforce the penalty on his bond under Code 1880, § 331, for failure to return executions.

APPEAL from the Circuit Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

*C. V. Gwin,* for the appellant.

In this case the plaintiff did nothing to cause the sheriff's negligence, but he was urgent, and anxious to have the writ served and returned according to law. Nothing marks this suit as one of the class pointed out in the opinion in the case of *Simms* v. *Quinn,* 58 Miss. 221. Wilson, the sheriff, was so averse to executing and returning the writ, as almost to refuse altogether to have any attempts made. There is nothing in the case to relieve it from the provisions of § 331, Code 1880, harsh as these may be; nothing to distinguish it from the cases of *Beall* v. *Shattuck,* 53 Miss. 358; *Cox* v. *Ross,* 56 Miss. 481. Courts cannot annul a statute, because its requirements are harsh, and to enforce it is against the conscience of the judge. Interpreters of law should rather be sound lawyers than indulgent men.

*L. Brame,* on the same side, argued orally and in writing.

1. The execution was properly issued returnable to the March term of court. It is provided, in Code 1880, § 1743, that executions shall be made returnable on the first day of the next term of

court if fifteen days intervene; where the time is shorter, they go to the term next afterward. The plaintiff was anxious to have the writ issued and executed. He went to the clerk's office to urge the matter, and at once obtained the writ. Assuming the sheriff's version correct, that the execution did not come to his hands for ten days, the result is the same. If the date when this officer received final process determined its validity, the end of the law would be in a confused state. Obviously, the clerk himself would never know which of his writs were void. The case of *Mills* v. *Corbett*, 8 How. Pr. 500, when carefully examined, is an authority for the plaintiff's position in the case at bar.

2. If the execution had been voidable it was the sheriff's duty to serve it. Freeman on Executions, § 103. It was, however, not even irregular, and his refusal to act was arbitrary. He should have levied and returned the fact, in order that a *venditioni exponas* could be issued. Code 1880, § 1761. The alleged want of time to sell was a mere pretext. This officer had no right to refuse to perform his duty and impose on the plaintiff as a condition of appointing a deputy that he should not be responsible for his acts. There was no consideration for this agreement of the plaintiff. His absolute right was to have the writ executed under the safeguard of the officer's legal responsibility. An officer cannot rid himself of responsibility in the discharge of official duties. *Thurmond* v. *Carter*, 59 Miss. 127. The condition imposed by the sheriff was unreasonable and he cannot urge it in his defense. But if he could, the writ came back into his hands and he still failed to return it. The principle announced in the case of *Simms* v. *Quinn*, 58 Miss. 221, is applicable because there is nothing in this case to extenuate the officer's negligence.

*Hooker & Wilson*, for the appellees.

1. What is the issuance of an execution? This writ was made out by the clerk more than fifteen days before the return day, but was not delivered to the sheriff until the seventh day before the term. Was this in compliance with Code 1880, § 1743, which requires that final process shall be returnable to a term at least fifteen days later than its issuance? After process is issued to the sheriff a

severe penalty follows every default on his part. Code 1880, § 330 *et seq.* Delivery of the writ to the officer charged with its execution is an essential part of the issuance. Writing out the paper is not enough if the clerk pockets it. An army, whose rations were issued, but never delivered, would starve. Process is issued only when made and placed in the hands of a person authorized to execute it with a *bona fide* intent to have it served. *Mills* v. *Corbett*, 8 How. Pr. 500. Only seven days were allowed the sheriff in which to serve the writ. Ten days is the time necessary for a sale of personal property. Statutory requirements of fifteen days between the issuance and return day are to enable the officer to make the money. Smith on Sheriffs 407. Writs issued in violation of this provision are nullities which the sheriff may disregard. *Holloway* v. *Johnson*, 7 Ala. 660; *Bond* v. *Wilder*, 16 Vt. 393; *Fifield* v. *Richardson*, 34 Vt. 410; *Chapman* v. *Bowlby*, 8 M. & W. 249; Herman on Executions, §§ 233, 235.

2. Failure to return the writ at the time required resulted from Doty's neglect to sign the statement of his action. Doty was the plaintiff's agent. It is well settled that the plaintiff in execution can make a deputy sheriff so as to relieve the sheriff of all responsibility. If he constitutes the deputy his agent he must sustain all loss resulting from the agent's misconduct. The statute (Code 1880, § 328) requires the deputy to sign the return of his own action. Doty's failure to do this prevented the sheriff from returning the writ. Under such circumstances the plaintiff cannot hold him liable for the failure. If the sheriff sent Doty away to execute other writs, this does not alter the fact that he was, at one time, in a position to sign the return, because he delivered the writ to the sheriff, and communicated the facts to him. The effect of the plaintiff's assurance was to create in the sheriff's mind the belief that Doty was the responsible person, and after this the sheriff could not be held liable for Doty's default. *Simms* v. *Quinn*, 58 Miss. 221; Crocker on Sheriffs, § 427.

*Calhoon & Green*, on the same side.

Contributory negligence on the plaintiff's part prevents a recovery on this motion. He told the sheriff that, if the latter would

| Conclusion of the briefs. | Commencement of the opinion. |

appoint Doty, no injury should result. He made this deputy his agent, and the agent left, without signing the return. Persons who invoke the severe penalty of the statute must contribute nothing to the officer's default. *Simms* v. *Quinn*, 58 Miss. 221. This case bears somewhat the appearance of a scheme to entrap the sheriff. Certainly it would be difficult to set a snare better baited. Chance, if chance it was, excels ingenuity. It would seem a rigid construction to hold a sheriff liable to the statutory penalty for non-return of a writ delivered within one week of the return day, when the agent of the person delivering it made a return impossible, and when the assurances of this person of safety induced the sheriff to accept the writ, which he declined to receive until so assured.

*S. S. Calhoon*, on the same side, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Motion against a sheriff for failure to make return of an execution at the proper time. The facts as established by the finding of the judge below are as follows: The execution was issued by the clerk on March 10, 1882, returnable on March 27, 1882, and handed to the plaintiff in execution in person. He kept the writ in his possession until the twentieth of March and then handed it to the sheriff with a request that it be forthwith executed. It then being only seven days before court, the sheriff declined to execute it. Plaintiff insisted that it should be done as a personal favor to him, and said that if the sheriff would specially deputize one Doty, who lived in his neighborhood, which was also the neighborhood of the defendant, he would carry the writ to Doty and the sheriff should have no trouble and run no risk, and incur no liability by appointing Doty. Yielding to this persuasion, the sheriff indorsed the deputation to Doty on the writ and delivered it to the plaintiff, who carried it to Doty. The latter executed it by levying on a horse which was at once claimed and bonded by a third person. On the first day of court, the return day of this writ, Doty carried it to the sheriff and procured the latter to write out his return upon the back of the paper, and left it in the sheriff's office, but failed to sign the return as the statute (Code 1880, § 328) required him to

---

do. The sheriff failed to return the process to the clerk's office, and for this failure the present motion is brought under § 331 of the Code, which makes the sheriff and his sureties liable for the whole amount due upon the execution without regard to whether the plaintiff has actually sustained any loss by reason of such failure or not.

It is insisted for the sheriff that the execution was not to be considered as issued, so far as he was concerned, until it came to his hands, and as that was less than fifteen days before the then ensuing term of the court, he had the right, under § 1743 of the Code, to treat it as void process and disregard it altogether. This position is not maintainable. The clerk issued the process more than fifteen days before the next ensuing term, and, therefore, properly made it returnable to that term. It came to the sheriff's hands only seven days before the return day. If it was true that this was then too late to have it executed, the sheriff should have returned it with his indorsement to that effect, but he could not treat it as a nullity, and fail or refuse to return it altogether. It is evident that his intention in this case was to return it as having come to hand too late for action, and that he was persuaded out of this course by the entreaties of the plaintiff, and by the promised release from all liability if he would appoint Doty as special deputy. Doty therefore became the private agent of the plaintiff, and it is well settled that the sheriff is not officially bound for the default of a special deputy selected by the plaintiff. *Stone* v. *Chambers,* 1 Strobh. 117; *De-Moranda* v. *Dunkin,* 4 T. R. 119; *Hamilton* v. *Dalziel,* Wm. Black. 952; Crocker on Sheriffs, § 427; Smith on Sheriffs 17, 18. In this case, however, the failure to return occurred after the writ came back to the hands of the sheriff, and if there had been no default of duty by the deputy, and nothing done by the plaintiff to mislead the sheriff or to make him less vigilant than he would otherwise have been, the sheriff would have been liable to the severe penalties of this statute.

We cannot say that this was the case. The deputy (the agent of the plaintiff) failed to sign the written return indorsed upon the writ, as the statute (Code 1880, § 328) expressly requires

him to do. It may be that the sheriff could nevertheless have signed the indorsement and returned the writ himself, but we cannot say that the failure of plaintiff's agent to perform his duty was not calculated to mislead the sheriff and throw him off his guard. He had been induced to appoint the special deputy upon an express promise that if he would do so he should have no trouble and incur no liability by the appointment, and this of itself was well calculated to relax his vigilance and cause him to regard the process as practically taken out of his hands. We said in the case of *Simms* v. *Quinn*, 58 Miss. 221, that the penalty could not be invoked where the plaintiff had done anything directly or indirectly to mislead the officer. So also in Kentucky, in a case brought under a statute similar to ours, a sheriff was excused for a failure to return an execution where the plaintiff, being advised by the sheriff that the defendant was insolvent, remarked that he " did not wish to be put to further expense." *Basset* v. *Bowmar*, 3 B. Mon. 325. It was said by the court that this remark probably caused the officer to relax his vigilance and to treat the execution as worthless. In that State also it is settled in a number of cases that a sheriff is not liable under this statute where the sheriff has lost or mislaid the execution, though it be by his own carelessness. In Ohio it is said that he who invokes the statute " must bring himself within both the letter and spirit of the law." *Moore* v. *McClief*, 16 Ohio St. 50. Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation. See 25 Am. Dec. 573, and cases cited. The judge below held the facts shown in this case to be sufficient to excuse the sheriff. We cannot say that he erred.

*Affirmed.*