FIRST NATIONAL BANK OF MERIDIAN ET AL. *v.* J. R. PHILLIPS.

1. CHANCERY PLEADING. *Parties. Relief.*

Only those against whom relief is prayed or grantable are proper parties defendant in chancery.

2. SAME. *Joinder of defendants. Discovery as to liability.*

One whose personal property has been converted in a way not known or definitely averred, cannot join, as defendants, parties not shown to be liable, or interested in the subject-matter, in order to compel discovery, and find among them some who are liable for the conversion.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

Appellee, J. R. Phillips, filed this bill against the First National Bank of Meridian, the Planters' Warehouse Co., Inman & Co., M. T. Murphree and C. C. King. It alleges that complainant was the owner of certain cotton, which he

delivered to Litchenstein & Metzger, merchants in Meridian, Mississippi, who were, as he supposed, to store it for him in their warehouse; that said firm failed in business, and all their property was attached by creditors; that complainant, thereupon, came to Meridian to ascertain what had become of his cotton, and was told by a member of the firm that they had placed it in a warehouse of the Planters' Warehouse Co., and that they had not sold it or authorized its removal; that defendants, King and Murphree, had control of said warehouse, and when requested by complainant to point out his cotton or inform him what had become of it, promised to furnish from the books of the warehouse data showing the disposition of the cotton, but failed to do so; that complainant had searched the warehouse diligently in the effort to find his cotton, but without success. The bill further alleges that complainant is informed and believes that immediately after the failure of Litchenstein & Metzger, his cotton was converted either by the First National Bank or by Inman & Co., and shipped out of the state; that the books of Inman & Co. would show the marks and weights of the cotton and its disposition and whereabouts, but that these sources of information are withheld; that Litchenstein & Metzger, as complainant is informed and believes, got receipts from said warehouse company for the cotton, which receipts complainant has been unable to obtain, the officers of the company telling him that they had delivered them to the First National Bank, which had parted with the receipts, but to whom complainant does not know.

As a conclusion, from the foregoing averments, complainant avers that either the bank, or Inman & Co., or the warehouse company, converted the cotton, or placed it beyond his reach, and likewise placed beyond his reach the receipts. The bill prays for discovery by defendants, under oath, as to all that they may know about the disposition of the cotton, and as to the matters set forth in the bill.

The defendants joined in a demurrer to the bill, the main

grounds of which are that the bill is uncertain and indefinite, and fails to show which of the defendants are liable for the cotton, and fails to show against which defendant a decree is sought. The demurrer was overruled, and an appeal granted to settle the merits of the cause.

*Hamm, Witherspoon & Witherspoon,* for appellants.

The averments of the bill are too uncertain to call for an answer. *Carter* v. *Lyman,* 33 Miss., 171; *Smith* v. *Gill,* 52 *Ib.,* 607; *Perkins* v. *Sanders,* 56 *Ib.,* 733; *Watts* v. *Patton,* 66 *Ib.,* 54; Story's Eq. Pl., §§ 241, 255, 256; *Read* v. *Walker,* 18 Ala., 332; *Jones* v. *Cowles,* 26 *Ib.,* 614; 4 Dana, 7. See also *Harding* v. *Handy,* 11 Wheat., 103; *Garland* v. *Hull,* 13 Smed. & M., 76; *Spears* v. *Cheatham,* 44 Miss., 64; *Knox* v. *Smith,* 4 How. (U. S.), 298; 6 Conn., 37; 6 Paige's Ch. Rep., 239; 2 A. K. Marsh., 315; 4 Johns. Ch. Rep., 437.

There is nothing alleged positively. The averments are matters of hearsay, and deductions from facts known only from information. There is nothing in the bill upon which issue can be joined. It is not shown who complainant seeks to hold liable. No facts are definitely stated that fix any liability upon any defendant. If a decree *pro confesso* had been taken, it could not be told against whom a final decree should be rendered.

*Lauderdale County* v. *Alford,* 65 Miss., 63, differs from this case, since here there is no such relation between the defendants as amounts to privity, and no connection by them with the subject-matter is shown. Such a relation between the defendants must be shown that, under the allegations of the bill, some of them will be liable, unless the others are. The bill is a mere fishing bill, and should be dismissed.

*Miller & Baskin,* for appellee.

Complainant, without fault on his part, is in doubt as to which of the defendants is the party liable. The doubt arises because the facts are unknown, after diligent inquiry. The

jurisdiction of the chancery court is undoubted to compel discovery. *Lauderdale County* v. *Alford,* 65 Miss., 63, is conclusive on this point. That case meets the other objection to the bill, that it is not shown who is sought to be made liable or against which of the defendants a decree is sought. See also *Cazeneuve* v. *Curell,* 70 Miss., 521.

We submit that the allegations of the bill are sufficiently definite and positive. In cases of discovery, demurrers are not favored by the court. The converse is the rule. Courts are astute in cases of discovery to find some grounds for retaining jurisdiction, in order that complainant may not be denied the equity to which he is entitled. *Craiy* v. *Doherty,* 61 Miss., 96. Objections to jurisdiction are much less favored since the adoption of the constitution of 1890, which, by § 147, prohibits reversals, because the chancery court or circuit court erroneously assumes jurisdiction.

On the merits, we cite as follows: *Commercial Bank of Selma* v. *Hart,* 12 So. Rep., 568; 20 Ala., 578; *Allen* v. *Bank,* 120 U. S., 20; 73 Pa. St., 85; 46 Ala., 483.

CAMPBELL, C. J., delivered the opinion of the court.

We do not know of any precedent or principle which will maintain this bill. Doubtless Mr. Phillips has a cause of action against somebody, but he must ascertain against whom he may have a decree, and bring his suit against him or them. He has no right to bring before the court a number of persons not shown to be liable to him, or in any way interested in the matter of the suit, in the effort to find among them some who are liable to him. No one should be made a party defendant against whom no relief is prayed or grantable. It is not allowable to bring a bill against many, with a view to having them exonerate themselves from the charge made, in the hope of finally fastening it upon some who fail to show that they are not chargeable. This bill is of that character, and the demurrer should have been sustained. The com-

plainant must show by his bill his rights to a decree against those made defendants, and this is not done by this bill.

*Reversed, demurrer sustained and bill dismissed without prejudice.*