W. W. GEORGE, EXECUTOR, *v.* J. S. SOLOMON.

1. CHANCERY PLEADING. *Decree pro confesso. Relief. Sufficiency of bill.*

Notwithstanding a decree *pro confesso* has been entered against a defendant, no final decree should be rendered thereon, unless the bill states a case entitling to relief. *Garland* v. *Hull,* 13 Smed. & M., 76.

2. SAME. *Bill of discovery. Liability as between several.*

A bill alleged that complainant had rented a wife's land from her husband, and paid rent to him, he claiming authority to collect it, and that, after his death, complainant also paid the same rent to the wife, who repudiated her husband's authority; that complainant does not know whether the husband had such authority or not, but that the one or the other was liable to refund. The prayer was that the personal representatives of the husband and wife be required to show which should repay the amount, and for a personal decree accordingly. *Held,* that the demurrer of the personal representatives to the bill should have been sustained, it being a mere fishing bill, and not containing averments essential to fix liability on either estate.

3. SAME. *Contract to supply evidence. Breach.*

The additional averment in the bill that payment to the wife was made under a written contract that complainant should propound his claim for repayment out of the husband's estate, and that she would "substantiate" the fact that her husband had no authority to collect the rent, was insufficient to show liability on the wife's estate, for no breach of the contract was averred. If the agreement meant that she was to supply sufficient evidence of the claim, there should have been an averment of a proceeding against the husband's estate, affording her or her representative opportunity to comply with her contract.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Judge.

The facts are stated in the opinion.

*Walker & Hall*, for appellant.

The bill does not show a cause of action. It does not aver that the rent was improperly paid to either defendant. Liability is attempted to be imposed upon Mrs. Ragsdale's estate, not by reason of any fraud, accident or mistake in paying the rent to her, but because of inability of her representative to establish the want of authority of another to collect her rent. The relief is not to force defendants to interplead and determine which estate is liable, but to hold Mrs. Ragsdale's estate liable, unless her representative can show the want of authority on the part of her husband to collect the rent.

No relief can be obtained under the contract, because the bill does not allege any breach or any refusal by Mrs. Ragsdale to substantiate the claim against her husband's estate. It is not shown that demand for payment was ever made against his estate, or that suit was ever brought to establish its liability. The promise of Mrs. Ragsdale to testify was without consideration. Her duty to do so was one imposed by law. Her promise did not increase her legal obligation. The duty, at most, was a personal one, and non-performance was excused by her death. Bishop on Contracts, § 595.

*Hamm, Witherspoon & Witherspoon*, for appellee.

The equity of the bill consists in the allegations that either Ragsdale or his wife practiced a fraud on complainant. One or the other obtained plaintiff's money by deception or false pretenses. Another allegation which completes complainant's equity is that the facts which are to determine which estate is guilty of the wrong are unknown to complainant. *Lauderdale County* v. *Alford*, 65 Miss., 63.

Since the court has taken jurisdiction and decided the case on its merits, it is now immaterial whether the suit was brought in the right court or not. Const. 1890, § 147.

Mrs. Ragsdale cannot take refuge in the written contract to escape liability. If, by fraud, she got complainant's money,

she cannot be relieved because she made a contract, and died without having fulfilled it.

It was not error to refuse defendants leave to answer the amended bill. They had been guilty of laches, and the answer, filed without leave of court, had no merit in it. *Patterson* v. *Josselyn*, 43 Miss., 373; *McAdory* v. *Turner*, 56 *Ib.*, 666.

There was no duty devolved on Solomon to sue the estate of Ragsdale. He did not agree to bring immediate suit. He had the right to wait a reasonable time to see if the estate would pay the claim. Had suit been brought at once, there is no showing that the case could have been brought to trial before the death of Mrs. Ragsdale.

Mrs. Ragsdale's agreement to substantiate complainant's claim against her husband's estate was not a personal one, but, if it were, her death did not excuse performance, since the consideration had been received by her, and is being retained by her executor.

COOPER, J., delivered the opinion of the court.

The decree in this cause rests upon no sufficient foundation. Whether we look to the so-called written contract of the parties, by which Mrs. Ragsdale agreed to "substantiate" the claim of appellee against the estate of L. A. Ragsdale, or to the agreement interpreted by the averments of the bill, it is clear that no right of action of any sort, either at law or in equity, exists in favor of the appellee.

Solomon leased the land of Mrs. Ragsdale from her husband, who acted, in so doing, as her agent. He paid to Mr. Ragsdale $1,000 of the accruing rent, believing, but not knowing, that Ragsdale was the agent of his wife, authorized to receive such rent. After the death of Mr. Ragsdale, Mrs. Ragsdale denied that he had been her agent, and repudiated his authority to collect the rents. She also denied the validity of the lease made by him to Solomon. An adjustment of the matter was made between Solomon and Mrs. Ragsdale, and on March 8, 1888, its terms were reduced to

writing, which was signed by them. After reciting the facts of the lease, the payments to Ragsdale made by Solomon and that Mrs. Ragsdale denied his authority to act for her, the agreement continues thus: "Now, the said parties have adjusted said matters on the following basis: Solomon pays Mrs. R. $1,000 on account of back rents on said premises, and Solomon agrees to propound his claim against the estate of Mr. Ragsdale for the sum of money so paid to him; and Mrs. R. agrees to substantiate the fact and claim of Solomon that Mr. R. had no right to collect said rents."

The bill of complaint exhibited by Solomon in this cause against the personal representatives of Mr. and Mrs. Ragsdale avers that, soon after the execution of the written agreement between himself and Mrs. Ragsdale, he probated his claim against the estate of Mr. Ragsdale, "and expected to obtain a judgment against his executor on the testimony of said Sarah A. Ragsdale that the said L. A. Ragsdale was not authorized to collect said rents; but, in a few months after said money was paid to said Sarah A. Ragsdale, and after she had agreed, as aforesaid, to substantiate said claim, to wit, on the — day of January, A.D. 1889, the said Sarah A. Ragsdale died, and the complainant has never been able to find any other person who knows whether the said Sarah A. Ragsdale had authorized and empowered said L. A. Ragsdale to collect said money or not, nor has complainant been able to prove that the said L. A. Ragsdale was authorized to collect said rents, or that he was not authorized to collect the same."

The bill then avers that the complainant does not know whether the estate of L. A. Ragsdale or the estate of Mrs. S. A. Ragsdale is liable, but that either the one or the other of said estates owes him the sum of $1,000, and prays that L. A. Ragsdale, executor of the will of L. A. Ragsdale, deceased, and W. W. George, executor of the will of Mrs. Sarah A. Ragsdale, may be made parties defendant, and "that said defendants may be required to show and prove to the

court whether the said L. A. Ragsdale was authorized to collect the rents named in this bill or not, and to show and prove to the court which of said defendants is bound to refund said $1,000 paid as set forth, both to said L. A. Ragsdale and to Sarah A. Ragsdale; and if, on final hearing, it shall be proved to the satisfaction of the court that L. A. Ragsdale collected said money without authority so to do, the court will make a personal decree against his executor to pay to complainant said sum of money and interest thereon; and if it shall not be proven that said L. A. Ragsdale was unauthorized to collect said rents, that the court will make a personal decree against said W. W. George, executor of Mrs. Ragsdale, to pay to complainant said sum of $1,000 and interest," etc.

The defendants joined in a demurrer to the bill, which was overruled. After this, the complainant, before the time had passed in which answers might have been filed, exhibited an amended bill, which does not materially differ from the original, except in so far as it enjoins the execution of a judgment obtained against him by the defendant, George, executor, until the final hearing, and prays that his demand asserted in this suit may be applied to the satisfaction of such judgment. The defendant, George, executor, etc., was summoned to answer the amended bill, but failed to file his answer by the time fixed by law. The complainant moved the court for a *pro confesso* on the amended bill. Whereupon, the defendant, George, asked further time in which to prepare and file his answer. The motion for *pro confesso* and the application for leave to answer were passed by the court to a subsequent day, when the defendant presented his answer, and asked leave to file the same. The chancellor, upon examining the answer, was of opinion that it presented no defense to complainant's bill, and for that reason, as his decree recites, and not because it was filed too late, overruled the defendant's application, granted the decree *pro confesso* and upon that made a final decree against George as executor, as prayed.

We are unable to discover any right, legal or equitable, stated in complainant's pleading entitling him to relief. The demurrer to the original bill should have been sustained. If no defense had been made by the defendant to the bill of complaint, a decree *pro confesso* thereon would not have warranted a final decree against either of the defendants, for, though a decree *pro confesso* may be entered against a defendant, no final decree can be given thereon unless the bill confessed states a case for relief. *Garland* v. *Hull*, 13 Smed. & M., 76.

Stating complainant's case as strongly as it may be expressed for him, and as favorably as it is put by the averments of his bill, his right to relief against one or the other of the defendants rests upon the proposition that he has paid the rent of Mrs. Ragsdale's property, first, to Mr. Ragsdale, who claimed to be authorized to receive it as his wife's agent, and, secondly, after his death, to Mrs. Ragsdale, who then, for the first time, denied that Mr. Ragsdale was her agent. In this aspect of the case, it is evident, from a mere reading of the bill, that no recovery can be had against either defendant. There is no averment in the bill that Ragsdale had no authority, as agent, to receive the money paid, and this was the essential fact, upon the existence of which only, the liability of his representative could rest. On the other hand, there is no averment that Ragsdale did have authority to receive the rents; and unless this is true, Mrs. Ragsdale's estate is not liable to make restitution of the money she received, unless she bound herself for its return by the terms of the written agreement signed by herself and the complainant, which will be considered hereafter. Considering the case for the present without reference to the written agreement, it will be seen that its whole statement is that Ragsdale *or* Mrs. Ragsdale received money from complainant which he *or* she ought not to have taken, and that complainant does not know who should repay the amount, and the court is asked to set the representatives of the two es-

tates at issue, to the end that complainant may know who is his debtor. This is certainly a novel proceeding, and we know of no precedent or principle upon which it can be maintained. The bill is a pure and simple fishing bill, and complainant angles in the broadest water. If relief, under these circumstances, can be afforded in equity, we see no reason why the owner of lost or stolen property might not implead in one suit the residents of a city or county, upon the averment that some one of them—which one the complainant is not informed—has converted his property, and is liable for its value.

There is nothing in the decisions of this court in *Gay* v. *Edwards*, 30 Miss., 218; *Tate* v. *DeSoto*, 51 *Ib.*, 588; *State* v. *Brown*, 58 *Ib.*, 835; and *Lauderdale County* v. *Alford*, 65 *Ib.*, 63, that lends the slightest support to the present proceeding. *Gay* v. *Edwards* was rested upon the facts that the fund sought to be distributed was a trust-fund; that the complainants had no remedy at law, and, finally, that the rights of the respective parties could be determined only upon the statement of an account, to which statement all the claimants were necessary parties. The other cases were such that the liability of the respective defendants could only be determined by an accounting in which all were interested. The distinction between those cases and this is palpable and radical.

No right of recovery against the representative of Mrs. Ragsdale on the agreement of March 8, 1888, which was reduced to writing and signed by her and complainant, is shown by the bill. Whether the agreement meant more than that she would testify as a witness, in a suit to be brought by Solomon against the representative of Ragsdale, that Ragsdale had no authority to collect the rents of her property, we need not decide. If it be conceded that the agreement bound her to "substantiate" Solomon's claim against the estate by supplying him with sufficient evidence, either by her own testimony or otherwise, the sufficient reply is

that there is no averment of the bill that there has been a breach of such agreement. In any event, Solomon should have brought suit against the estate of Mr. Ragsdale, and thus have afforded Mrs. Ragsdale, in her life, or her representative since her death, the opportunity of keeping the contract she had made. This he has never done.

The present proceeding, even if complainant's construction of the written agreement be correct, is not such suit, first, because the breach of contract relied on to sustain the recovery against Mrs. Ragsdale's executor occurred, if at all, after it was instituted, and by reason only of her failure to prove in this proceeding the want of authority in Ragsdale to receive the rent-money; and, secondly, because, if her representative had in this suit supplied full proof of that fact, no recovery could have been had against Ragsdale's representative, for there is no averment in the bill to which such testimony would have been relevant. No evidence is admissible except such as is relevant to the issues made by the pleadings. George's Dig., 863.

*The decree is reversed and bill dismissed.*