W. T. RAWLEIGH CO., INC., *v.* HESTER *et al.*

(In Banc. Feb. 10, 1941.)

[200 So. 250. No. 34378.]

330

Austin & Austin, of Jackson, for appellant.

Butler & Snow, of Jackson, for appellees, W. E. Hester and National Surety Corporation.

Henley, Jones & Woodliff, of Hazlehurst, for appellees, J. L. Lotterhos and National Surety Corporation.

Argued orally by **B. Galloway Austin**, for appellant, and by **George Butler** and **George Woodliff**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a judgment of the circuit court of Copiah County sustaining demurrers to a motion filed by the appellant, W. T. Rawleigh Company, Inc., for judgment against the appellee, W. E. Hester, former sheriff of said County, and the surety on his official bond, National Surety Corporation of New York, and against the appellee, J. L. Lotterhos, former sheriff of said County as successor in office to the said W. E. Hester and the surety on his official bond, the National Surety Corporation aforesaid, for the sum of $763.69 with legal interest, five per cent damages and costs, because of the alleged failure of one or the other of the said officers to make a return as required by law on an execution placed in the hands of the said W. E. Hester, as sheriff, on March 28, 1939, which had been issued pursuant to a judgment theretofore recovered in said court by the appellant against J. H. Foster et al. for the principal sum hereinbefore mentioned. Upon the sustaining of the demurrers, the appellant declined to amend or plead further, and the motion was by the court finally dismissed.

It is alleged in the motion that the execution was returnable on July 24, 1939; that Hester resigned on the —— day of ———, 1939, and that Lotterhos duly qualified as his successor in office on June 12, 1939, and which date of qualification the motion alleges was sufficiently early to have enabled Lotterhos to make a return on said execution on or before the return day, July 24, 1939, "if said execution was turned over to him at that time;" and

that Lotterhos on July 25, 1939, being the next day after the return-day of the execution, as aforesaid delivered the writ to the clerk of the court with a notation thereon in the following words, "This execution returned not executed as same did not come into my hands until too late for execution. July 25, 1939, J. L. Lotterhos, sheriff."

It is expressly alleged in the motion that the movant asks a judgment against the said officers and their sureties in the amounts prayed for "for their failure to return said execution, as provided for under Section 3317 of the Mississippi Code of 1930." That section provides that, "If any sheriff, coroner, or other officer, shall fail to return any execution to him directed, on the return-day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff, coroner, or other officer and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, with five per centum on the full amount of the judgment for damages, to be recovered by motion before the court to which the execution is returnable, on five days' notice first being given thereof . . ." It will therefore be observed that Hester had the whole intervening period, between the time the execution was placed in his hands and the return-day thereof, within which to make the return thereon, even though he was required to execute the writ without unreasonable delay. He was not required to make the return at any time before the return-day on July 24, 1939, nor could he have made it on that day for the reason that he had resigned from the office of sheriff several weeks prior thereto. Judgment is not sought against him and his surety for a failure to execute the writ as provided for by Section 3316, Code of 1930, wherein a penalty for failure so to do is allowed in favor of the party aggrieved in any sum not exceeding $100, and for all damages thereby sustained. Nor does the movant allege any failure whatever on the part of Hester to execute the writ or that the movant has sus-

tained any damages by reason of any delay or failure to execute the same. While Section 3317, supra, under which the proceeding here is brought does not require either allegation or proof of damages sustained, nevertheless, it is necessary under that section to allege and prove that Hester violated his duty while in office by not making a return on the writ on the return-day thereof. His liability could not have arisen until he had failed on that day to make the return, even if he had continued in office. State to Use of Nolin v. Parchman, 3 Head 609, 40 Tenn. 609; Neil v. Beaumont, Vanleer & Co., 3 Head 556, 40 Tenn. 556. No cases from our own state that are directly in point are cited by counsel, but the statute here involved is sufficient authority for holding that the duty imposed upon Hester by the statute was not violated while he remained in office, and that neither he nor his surety can be held liable in this case.

The duty imposed upon Hester in the premises was to deliver the writ to his successor, if it remained unexecuted at the expiration of his term of office, or on resigning, as required by Section 3323, Code of 1930. It is not alleged that he breached his duty in that regard; nor could there be a recovery against him in this proceeding even if he had not complied with that statute.

As to the alleged liability of Lotterhos and his surety, it was charged in the motion that "if W. E. Hester ever turned the execution over to his successor, J. L. Lotterhos, we do not know when it was nor how he delivered same, whether in person or by mail, and if his successor, J. L. Lotterhos, received this execution prior to July 25, 1939, then the execution, nor the excuse (meaning the notation made by Lotterhos on the writ heretofore quoted) for not making return on said execution, do not show when he received it, but movants charge that J. L. Lotterhos, as sheriff, either had the execution or he did not have it prior to July 24, 1939; that knowledge of the facts about whether or not this execution was delivered by W. E. Hester to his successor, J. L. Lotterhos, is not

known to movants and defendants have refused to give such information, and movants have been unable to obtain such information otherwise; that the defendants by answer to this motion can disclose the real facts as they only know the material facts from which the Court can determine upon whom liability rests.''

This Court held in the cases of Bank of Hickory v. May, 119 Miss. 239, 80 So. 704, and Watson v. Boyett, 151 Miss. 726, 118 So. 629, that the statute here invoked is highly penal and that one seeking to recover thereunder must bring his case clearly within its terms. Moreover, the Court said in the case of Skinner v. Wilson, 61 Miss. 90, that, . . . Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation.'' The rule is announced in 57 C. J. section 470, that: ''Where a process or writ is placed in the hands of a sheriff or constable for service or execution, he is liable if he fails to return the same within the time which is allowed by law for the making of his return thereon, and the fact that a return is made after the expiration of such time does not relieve him of liability for his default; but in order to enforce such liability, it must be shown that the writ was actually placed in his hands for execution, and that he actually failed to return it on the return-day.'' To the same effect are the cases of People ex rel. Barclow v. Adams, Sheriff, 6 Hill, N. Y. 236, and Destrehan v. Garcia, 2 Rob., La., 291.

Nor was the movant entitled in a court of law to a discovery from the sheriffs respectively, as to which of them was liable. Moreover, it was held in the cases of George v. Soloman, 71 Miss. 168, 14 So. 531, and First National Bank of Meridian v. Phillips, 71 Miss. 51, 15 So. 29, that a pleading seeking a discovery which fails to state a cause of action against any particular defendant cannot be maintained even in the chancery court,— the appropriate forum for obtaining such relief in a

proper case. It is said in Griffith's Chancery Practice, Section 429, that: ". . . Although it may be true that the facts and the proof thereof may be within the exclusive possession and keeping of the defendant and although for that reason it may be difficult to state them in such a way as to disclose a meritorious cause of action, nevertheless, since discovery is merely a means to the end of making the necessary proof of a case for relief, the complainant must show himself entitled to relief against the party made defendant without which showing the bill would be only a fishing bill, and therefore not maintainable. In the very nature of orderly judicial procedure, a discovery could not be permitted merely to search for grounds upon which to base a suit. . . ."

As to whether or not the information sought by the movant can be obtained by means of discovery in a court of equity where the object is to enforce the collection of a penalty, see Story's Equity Pleading, (10 Ed.), Secs. 521, 575; 18 C. J Sec. 30, p. 1071; and 17 Am. Juris. 23, where it is said that: "A person is not obliged to reveal anything in answer to a bill of discovery which may subject him to a forfeiture or penalty; he is excused from making discovery not only of that which must but even of that which may, subject him to a penalty."

If it be said that the pleading here as against Lotterhos and his surety is aided by the presumption that Hester as a public officer performed his official duty by delivering the execution to his successor as required of him by Section 3323 of the Code, supra, at the expiration of his term of office, or on resigning, then the effect of this presumption is neutralized by the similar presumption that Lotterhos as a public official would have performed his duty by making the return thereon at the time required by law if he had received the same in time so to do. The two presumptions being of equal dignity, the motion is left without an allegation that Lotterhos ever received the execution at all on or before the return-day thereof. If Hester delivered it to Lotterhos upon resigning from

office, there is also a presumption that the latter gave him a receipt, as he was required to do by Section 3323 of the Code of 1930, supra, which would no doubt disclose the date the writ was received by Lotterhos, and the appellant could have obtained an inspection and copy of the receipt in the hands of Hester as provided for by Section 744 of said Code; and, without the aid of this statute, an inspection could have been had of the public records in the sheriff's office to ascertain the facts which such records are presumed to disclose as to when the succeeding sheriff received this and other process. It is not alleged that no such records were kept.

We are therefore of the opinion that the allegations of the motion were insufficient, and that no error was committed by the court below in sustaining the demurrers, and in dismissing the proceeding upon the refusal of the appellant to amend or plead further.

Affirmed.