W. T. RAWLEIGH CO., INC., v. FOXWORTH et al.

(Division A. Feb. 22, 1943.)

[11 So. (2d) 919. No. 35273.]

Austin & Austin, of Jackson, for appellant.

**Rawls & Hathorn,** of Columbia, for appellee.

Argued orally by **B. Galloway Austin**, for appellant, and by **C. V. Hathorn**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The question for decision in this case is whether the reasons shown herein for the failure of appellee, Foxworth, as sheriff, to return an execution to the return term of the circuit court is such a reason as will relieve him of the penalty imposed for such failure by Section 3317, Code of 1930.

On May 6, 1941, Rawleigh Company, Inc., plaintiff-appellant, procured a judgment in the circuit court of Marion County, Mississippi, against Levi Johnson, G. H. Sartin and Enoch Pittman for $246.29 and costs.

On August 19, 1941, execution issued on that judgment, returnable September 15th, and was placed in the hands of Foxworth, sheriff, for service. The sheriff delivered the execution to a deputy, who reported to the sheriff four days later that he had investigated the conditions; that Pittman did not live in Marion County and had no property therein; that Johnson had no property subject to execution; and that Sartin, when the deputy was about

to serve the execution on his property, said to him: ''I've got some stuff here but my land is under a deed-of-trust and some of these cattle are my son's and some are my wife's and if you latch onto this stuff I'll see that you get a law-suit because I'm going to try to set that judgment aside''; whereupon, the deputy did not seize the property.

On August 27, 1941, according to the undisputed proof, the sheriff mailed to appellant the following letter:

''Columbia, Miss.

''August 27th, 1941.

''The W. T. Rawleigh Company,

''Freeport, Ill.

''Gentlemen:

''A few days ago the Clerk of the Circuit Court of this County issued an execution on a judgment rendered in the Circuit Court of this County in your favor and against Levi Johnson, G. H. Sartin and Enoch Pittman, the judgment being for $246.29 and costs. This execution has been placed in my hands and is returnable to the September Term, 1941, of this Court. The only parties living in this county are Levi Johnson and G. H. Sartin. Johnson has nothing on which to levy. Sartin has some property in his possession, some of which he claims as exempt and some of which he says does not belong to him. He also claims that the judgment is void and he says he has employed attorneys and has filed or is filing, a motion to set the judgment aside. He threatens to hold me liable on my bond if I levy on any of this property.

''Under the circumstances, gentlemen, I will not make the levy unless you furnish me an indemnifying bond to protect me against damage or suit by Mr. Sartin, if I should make the levy. Just as soon as you furnish me with indemnifying bond I will proceed with the levy of the Sartin property, but until I do I will hold the execution unexecuted.

"Please let me hear from you at once.
"Yours very truly,

"Sheriff"

The sheriff did not hear from appellant. The execution was not returned and filed by the sheriff with the circuit clerk until after the September term of court had expired. The exact date it was filed is not shown in the record. Apparently it was between October 18th and November 4, 1941, before the present motion against the sheriff and his bondsman was filed March 30, 1942. But when the execution was filed, it had upon it the following return: "I hereby certify that after diligent search and inquiry I find no property in possession of Levi Johnson or G. H. Sartin that is subject to execution. I further certify that Enoch Pittman is not a resident of Marion County and owns no property in said county. This the 23rd day of August, 1941. O. J. Foxworth, Sheriff By: B. C. Stringer, D. S." It is not shown just when this return was actually made on the execution. It was dated August 23, 1941, because that was the day the deputy sheriff reported the foregoing circumstances to the sheriff.

The question is whether the sheriff was justified under these circumstances in not returning the execution into court at the September term thereof.

Section 3317 reads in part: "If any sheriff . . . shall fail to return any execution to him directed, on the return-day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff . . . and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, with five per centum on the full amount of the judgment for damages . . ."

Section 3033 is in part as follows: "If any officer shall levy an execution . . . and a doubt shall arise whether the right to the property be in the defendant or not, such officer may demand of the plaintiff a bond, . . ." to indemnify himself and the property owner

for damages resulting from wrongful seizure of the property ·and if such bond be not given on or before the day of the sale or the return-day of the attachment, the officer shall be justified in releasing the levy and delivering the property to the party from whose possession it was taken; but the plaintiff, or his agent or attorney, shall have reasonable notice, in writing, before the day of sale or return-day of the writ, that the bond is required.''

Section 1762, Code of 1930, provides: ''If any sheriff . . . be about to levy an execution . . . on any personal property claimed as exempt, and a doubt shall arise as to the liability of the property to be sold . . .'' the sheriff may demand of the plaintiff a bond to indemnify himself and the property owner against damage for the wrongful seizure of the property, ''and if such bond be not given, after reasonable notice, in writing, from the officer to the plaintiff, his agent or attorney, that it is required, the officer may refuse to levy . . .''

In the case of Rawleigh Co. v. Hester, 190 Miss. 329, 200 So. 250, 253, the last case decided by this court under Section 3317, the court said ''that the statute here invoked is highly penal and that one seeking to recover thereunder must bring his case clearly within its terms,'' and ''Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation.''

· In the case of Watson v. Boyett, 151 Miss. 726, 118 So. 629, the sheriff was relieved of the penalty under this statute for failure to return the process to the return term because the plaintiff in execution had negotiated with the sheriff who had the execution with the object of selling to the sheriff the judgment, the court saying that such negotiations were calculated to make the sheriff less diligent in the performance of his duties.

In the case of Crawford et al. v. Bank of Seminary, 178 Miss. 129, 172 So. 750, 751, the sheriff told the plaintiff,

when the plaintiff was delivering to him the execution, that the judgment-defendant had nothing but that if the plaintiff would give a bond, he, the sheriff, would seize whatever he could find, and the plaintiff carried away the execution, although he left with the sheriff a writ of garnishment. In that case, the court quoted from Simms v. Quinn, 58 Miss. 221, saying: "Those who propose to invoke against public officers the severe penalties of the statute upon which this motion is based, must be very careful to do nothing which directly or indirectly contributes to the omission of duty complained of."

The letter in the case at bar was mailed to appellant some two weeks before the first day of the court. Said Section 1762 gives the sheriff the right to demand an indemnifying bond, and if it is not given "after reasonable notice in writing" the sheriff can refuse to levy. Assuming, as we must, there being no proof to the contrary, that appellant received this letter, we are unable to say that two weeks was an unreasonable time for the sheriff to wait for appellant to furnish this bond, in view of the fact that appellant's address is in the State of Illinois. We can understand that under the circumstances here the sheriff might reasonably have expected a reply to this letter during this period. It will be noted that the letter informed appellant the sheriff would make the levy as soon as, but not until, he received the bond, and asked appellant to write him about the matter.

In the Watson and Crawford cases, supra, the writs were not returned until after expiration of the terms of court to which they were directed. Since the execution becomes ineffective after the return-term thereof, it is doubtful whether a sheriff should be excused under any circumstances from filing the process not later than its return-day, whether the levy has been made or not, showing in his return thereon what has happened. But these cases have held otherwise, and, construing this statute strictly, as we must, we cannot say the lower court was in error in relieving the sheriff of liability in this case.

Proof of the contents of the letter of August 27th was made by introducing a copy of such letter. Appellant strenuously contends here that this was error because no notice had been given it to produce the original. Appellant's contention would be well taken had the objection been placed upon that ground in the trial court. Not only was the objection there not placed upon that ground but the reason given was ". . . the statute says when the sheriff can require a bond of indemnity and it is clear and concise in its language, and it is not shown here that he complied with the terms of the statute."

In Jackson v. State, 163 Miss. 235, 140 So. 683, 684, this court said "Except as hereinafter stated, error in the admissibility of evidence can be predicated only on an objection thereto, specifically pointing out the infirmity therein," giving the reasons underlying the rule, and citing a number of Mississippi cases supporting it, saying further that the only exception to the rule is that when "on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible . . . " This evidence is not within that exception.

Affirmed.