W. T. Rawleigh Co., Inc., v. Causey, Sheriff, et al.

(In Banc. Jan. 24, 1944.)

[16 So. (2d) 395. No. 35540.]

See, also, 16 So. (2d) 397.

**H. L. Austin** and **George S. Hamilton,** both of Jackson, for appellant.

Gordon & Gordon, of Liberty, and Fred A. Anderson, Jr., and J. T. Lowrey, both of Gloster, for appellees.

**Roberds, J.**, delivered the opinion of the court.

Appellant, by motion made under Section 3317, Code of 1930, asked the circuit court to render in its favor a judgment against appellees, sheriff and the sureties on his official bond, for the amount of an execution and costs, interest and damages, for failure of the sheriff to return the execution by the return date thereof.

When appellant rested its case, appellees moved the court to dismiss appellant's motion on the ground that the proof which appellant had offered did not show that the execution had been actually delivered to the sheriff before the return date of such execution. The court sustained appellees' motion and rendered judgment accordingly. The correctness of this ruling is the only question presented on this appeal.

It was necessary that movant show prima facie a delivery in fact of the execution to the sheriff before its return date. Rawleigh Company, Inc., v. Hester, 190 Miss. 329, 200 So. 250. Does its proof do that? Here is the evidence on that question: The judgment was rendered February 17, 1942; the execution is dated September 17, 1942, returnable by its terms the third Monday of October, 1942, which was the 19th of October. The circuit clerk, who issued the execution, testified:

"A. Well, now, it shows it was issued the 17th day of September. I can't tell you on what day I turned it over to him, but as a rule, when I issued an execution I carry it in and give it to the sheriff at that time. . . .

"Q. Mr. Gordon give the best approximate date you can that you turned it over to him according to your best recollection.

"By Mr. Anderson: We object to that.

"By the Court: Do you know Mr. Gordon?

"A. No sir, my customary rule is to take it on over to the sheriff's office at the time I issue it. I wouldn't swear that I did that though. It was a few days after I

issued it but I don't remember the exact date but it does show the day I issued it.

"Q. Did Mr. Causey, the sheriff, ever come back after you delivered that execution to him and tell you that it was too late for a return and ask you to issue another one? A. No, sir."

The sheriff made his return on the execution, stating that he found no property subject to seizure, on December 26, 1942. We think a fair, reasonable inference from this testimony makes out a prima facie case that the execution was actually delivered to the sheriff before its return date, October 19th; especially when supported, as it is here, by the presumption that the clerk did his duty, and so delivered the execution to the sheriff.

If it be said that the foregoing presumption is off-set by the further presumption that the sheriff is presumed to have done his duty and served the execution before its return date had he received it prior thereto, the answer is that the return of the sheriff on the execution recites, not that he had received it too late for service, but that he had "executed the within writ personally by making a diligent effort to execute this execution and have failed to find any property to levy upon." The execution was a dead instrument after its return date. It had no life for purpose of service after that date. Any effort to seize property thereunder after such date was without any authority whatever. It would have been a foolish act for the sheriff, after the return date of the execution, to have gone out armed with it to seize and take into his possession property of others by virtue of its authority. We cannot presume the sheriff did an absurd act; therefore, his return that he had served the writ by making diligent effort to find property and failed to do so necessarily means he did that before its return date, which itself is proof that he had it in his possession before such date.

Reversed and remanded.

### DISSENTING OPINION.

McGehee, J., delivered a dissenting opinion.

Where a judgment creditor invokes a statute so highly penal as to require a sheriff to pay the full amount of an admittedly worthless judgment, with damages and costs, because of the failure of such officer to return an execution thereon at the return day thereof, I am of the opinion that the evidence should clearly and positively show that after the issuance of the writ by the clerk it was actually received by the sheriff before the return day shown thereon. It may be true that the testimony of the clerk, set forth in the controlling opinion herein, would justify a fair and reasonable inference that the writ was delivered to the sheriff before its return day on the first day of the next term of court; but it will be observed that in considering this testimony the circuit judge was entitled to infer that the clerk, when testifying several months after the issuance of the writ, was basing his conclusion on what had been his custom in regard to the delivery of process to the sheriff shortly after its issuance. The fact of when the writ was delivered to the sheriff could have been definitely established if the appellant judgment creditor had required the sheriff to produce his Execution Docket and disclose the date of the receipt of the execution, as shown thereon, the presumption being that the officer kept such a docket, as required by section 3327, Code of 1930. The sheriff was not called to the witness stand as an adverse party by the appellant, nor was he required to offer any evidence in his own behalf, for the reason that the trial judge sustained a motion to dismiss the proceeding against him at the conclusion of the evidence offered by the party on whom rested the burden of proof.

But it is suggested that the clerk's testimony is aided by the presumption that as a public officer he did his duty in regard to delivering the writ of execution to the

sheriff with reasonable promptness after the issuance thereof. However, this presumption is not limited in its application to the circuit clerk alone, but it is equally available to the sheriff in support of the view that if the latter had received the writ before its return day he would have returned the same into court, as required by the statute now invoked against him, since a failure to do so would subject him to the severe penalty herein sued for. Moreover, we held in the case of W. T. Rawleigh Co., Inc., v. Hester et al., 190 Miss. 329, 200 So. 250, that the presumption that Hester delivered the unexecuted writ of execution to his successor in office, Lotterhos, as required by section 3323, Code 1930, and before its return day, was neutralized by the presumption that if Lotterhos had received it in time he would have returned it into court as required by section 3317 of the said Code here involved. This principle there announced in that case is applicable in favor of the sheriff in the case at bar.

As to whether the sheriff would have done the vain thing of making a return on a writ of execution after its return day if he had not received it prior to the return day thereof, it is undisputed that, as a matter of fact, he did make the return on December 26, 1942, long after the return day, and the clerk testified that he was present when the return was made, and that Mr. Causey (the sheriff) "made the return that Mr. Austin (attorney for appellant) told him to make," Mr. Austin also being present at the time. There was really no point at that late day in having the sheriff make a return on an execution the return day of whch had long passed, and where the judgment was known to be worthless, unless it was caused to be done in preparation for this suit against the officer, and as evidence to show that it was not returned earlier.

Nevertheless, this court, in the cases of Skinner v. Wilson, 61 Miss. 90; Watson v. Boyett et al., 151 Miss. 726, 118 So. 629, and W. T. Rawleigh Co., Inc., v. Hester et al., supra [190 Miss. 329, 200 So. 253], held that:

"Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation."

I am unable to say with assurance that the decision of the trial judge was manifestly wrong in holding that the appellant failed to meet the burden of proof to the extent that should be required for the enforcement of the harsh remedy invoked in this case.

**Smith, C. J.,** concurs in this dissent.