W. T. RAWLEIGH CO., INC., *v.* HOWELL *et al.*

(In Banc.   May 22, 1944.)

[18 So. (2d) 134.   No. 35604.]

H. L. Austin and Geo. S. Hamilton, both of Jackson, for appellant.

490

Paine & Paine, of Aberdeen, for appellee.

Argued orally by **Thos. F. Paine,** for appellee.

**Alexander, J.**, delivered the opinion of the court.

Section 4242, Code 1942, fixes a penalty upon a sheriff who "shall fail to return any execution to him directed, on the return-day thereof," in an amount equal to the amount of the execution with costs and interest. Appellant as a judgment creditor filed its motion for enforcement against the appellee as sheriff of Monroe County pursuant to the statute. Motion was denied and the judgment creditor appeals.

The return day of the writ was March 1, 1943. A purported return nulla bona was made April 16, 1943. The defense was based upon the alleged invalidity of the writ as issued by the clerk who, instead of affixing his seal thereon upon the body of the writ impressed it upon that portion of the document containing the cost bill.

It was requisite that the writ be sealed. Section 1844, Code 1942. The question, therefore, is whether the seal was affixed to the writ in the sense contemplated by the statute. The writ was a printed form upon a single sheet. The right half of the form contains the writ proper, and the left half sets forth an itemized cost bill. The seal was affixed to the lower left-hand corner of the part containing the cost bill. It was not necessary to seal the cost bill. Impressment of the seal thereon was meaningless unless it was intended thereby to authenticate the writ. Had the seal been affixed upon any part of the face of the writ proper, there is no question that it would suffice. The fact of the seal, and not its location, is important in effecting authentication. Had the remainder of the form been left blank, a seal placed upon the unprinted margin would be beyond criticism. Is it material, then, that it was placed upon that part of the document which had been utilized to detail accrued costs? We think not.

Appellees' position, to retain consistency, would operate to have subjected the sheriff to damages for a seizure of any goods thereunder, and it is beyond doubt that in

such event the brief of appellant could be successfully used by the sheriff to defend a suit against him by the judgment debtor. We do not deprecate the tendency of the courts to scrutinize such proceedings carefully, even technically, and to seize upon slight circumstances to exempt officers from its operation. Watson v. Boyett, 151 Miss. 726, 118 So. 629; W. T. Rawleigh Co. v. Hester, 190 Miss. 329, 200 So. 250; W. T. Rawleigh Co. v. Foxworth, 194 Miss. 205, 11 So. (2d) 919. Yet we are not here dealing with circumstances involving conduct, but with a record. We are of the opinion that to extend this principle to encompass the case here would be to abandon the judicial field in usurpation of the pardoning power.

Reversed, and judgment for appellant.

**Roberds, J.**, took no part.