PARKS, et al. *v.* HERRINGTON, Sheriff.

Feb. 11, 1952.

No. 38246 (56 So. (2d) 836)

H. C. **Stringer** and W. M. **Everett**, for appellants.

318

**O. B. Triplett, Jr.,** for appellees.

**McGehee, C. J.**

This appeal is by two judgment creditors of James Brothers Lumber Company, who each recovered a decree against the said judgment debtor for a sum of money and caused executions to be issued thereon on August 3, 1949, by the circuit clerk, returnable to the Chancery Court on November 2, 1949. The executions were delivered on August 4, 1949, to the sheriff, D. Bart Herrington, who on August 10, 1949, caused his deputy, W. A. Bell, to enter upon the execution docket in his office the following words: "Can't find anything to seize 8/10/49."

The judgment creditors, L. Parks and Otto Pearson, filed a petition (treated as a motion) in the chancery court against Mrs. D. B. Herrington, successor in office of D. Bart Herrington as sheriff, and against the U. S. F. & G. Company, surety on her official bond, to recover the statutory damages provided by Section 4242, Code of 1942, because of her failure as such sheriff to return the

two executions on or before the return day thereof in the Chancery Court. The motions on behalf of each of the judgment creditors were consolidated and the case was tried as a single cause. From a decree denying to them the relief sought they prosecuted this appeal.

After the sheriff, D. Bart Herrington, had failed to find any property of the James Brothers Lumber Company on which to levy the executions, and caused the notation to be made on his execution docket to that effect, he placed the same back in his pocket, evidently for the purpose of continuing his effort to find some property on which to levy the same, and thereafter on August 12 or 13, 1949, he told the attorney for the plaintiffs in execution that he had been unable to find anything on which to levy the writs, and whereupon the attorney replied: "Well, just keep them. Maybe you will catch something."

Two or three days later the then sheriff, Mr. Herrington, became confined to bed with Bright's disease, was later carried to the hospital where he remained until he died on October 16, 1949, prior to the return date of the executions, and until which date he was allowed to make returns thereon.

Upon Mr. Herrington's death, his deputy, W. A. Bell, assumed the duties of the office and acted as sheriff of the county until October 21, 1949, when the Governor appointed the appellee, Mrs. D. B. Herrington, as sheriff to succeed her deceased husband. She was serving as sheriff under this appointment until and after November 2, 1949, and was later elected by the people for the unexpired portion of the term, but the proof is undisputed that neither of these two executions ever came into her hands as sheriff. The deputy, W. A. Bell, who continued to serve as such, testified that after he made the notation on the execution docket, at the request of the former sheriff D. Bart Herrington, and to the effect "Can't find anything to seize 8/10/49", the two executions were never again in the sheriff's office as they were carried away in the pocket of Mr. Herrington; that when he, the

deputy, turned the office over to his successor, Mrs. D. B. Herrington, he turned over to her "all of the papers that were in the office to be served or returned", but that these two executions were not among them and were never placed in her hands.

The appellee, Mrs. D. B. Herrington, testified that from the time she became sheriff on October 21, 1949, she had never had these two writs in her hands; that they had never been in her office; that she had never seen them; and that she never knew that such writs had been issued until she was sued in this proceeding by the judgment creditors. Moreover, if she had examined the execution docket she would have naturally assumed from the notation thereon that the two writs had been returned to the proper court, the records which were turned over to her not having disclosed to what court in particular the same were to be returned.

Section 4242, Code of 1942, is highly penal in character and provides in substance that if any sheriff or other officer shall fail to return any execution to him directed on the return day thereof, the plaintiff in execution shall be entitled to recover judgment against any such officer and his sureties for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid together with 5% on the full amount of the judgment as damages.

This Court held in the case of Skinner v. Wilson, 61 Miss. 90, that wherever statutes of this highly penal character are found, they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation. Moreover, the primary issue involved in the instant case was expressly decided against the liability of the appellee and her surety in the case of W. T. Rawleigh Co. v. Hester, 190 Miss. 329, 200 So. 250, 253, where an execution was placed in the hands of W. E. Hester as sheriff on March 28, 1939, returnable on July 24, 1939, and he resigned before the return day thereof; and on a motion made against both Hes-

ter and his successor in office, J. L. Lotterhos, who qualified on June 12, 1939, prior to the return day of the execution, the Court held that Hester was not liable because he was not in office at the time the return was required to be made into court, and that Lotterhos was not liable because the motion, to which the demurrer had been sustained, had failed to allege that Hester ever turned the execution over into the hands of Lotterhos. Among other things, the Court stated that in order to enforce the liability, provided for under this highly penal statute against a sheriff or other officer "it must be shown that the writ was actually placed in his hands for execution, and that he actually failed to return it on the return day".

As hereinbefore shown this suit is not against the former sheriff who received the executions and retained them in his possession, where he had them until he became ill, but the suit is against his successor in office, Mrs. D. B. Herrington, and her surety who was not the surety of her deceased husband, and the proof disclosed without dispute that the writs were never placed in her hands for execution and were never in her office or in her possession at any time after she qualified as sheriff. Moreover, upon the death of her husband she gathered up all of the process and papers of every kind and character that she could find at their home and turned the same over to the deputy, W. A. Bell, who testified that these two writs of execution were not among the process and papers so delivered to him.

But it is urged that the deputy of the former sheriff who continued as deputy of the appellee, Mrs. Herrington, had knowledge of the existence of these two writs of execution and that they had not been returned and that the succeeding sheriff was charged with the knowledge that was possessed by her said deputy. We are of the opinion that the cases of Skinner v. Wilson, supra, and Equitable Sureties Co. v. Sheppard, 78 Miss. 217, 28 So. 842; 3 C.J.S., Agency, Sec. 274, page 207, do not

require that we approve and adopt this contention in the application of this highly penal statute.

As to the contention that if Mrs. Herrington had examined the records in the sheriff's office she would have ascertained that these two writs of execution had been received, and that she should have, therefore, made inquiry as to what had become of them in order that she could make some return thereon, it may be said that in the case of W. T. Rawleigh Co. v. Hester, supra, the same duty would have rested upon his successor, J. L. Lotterhos, but the Court held that the test of liability of Lotterhos was whether the writ was actually placed in his hands for execution and he had actually failed to return it on the return day.

We are, therefore, of the opinion that the judgment of the trial court which overruled and denied the motion against the appellee, Mrs. D. B. Herrington, and her surety, and dismissed the same with prejudice should be and the same is hereby affirmed.

Affirmed.

**Alexander, Holmes, Arrington** and **Ethridge, JJ.,** concur.