SIMMS, BILLUPS & CO. *v.* PETER QUINN, SHERIFF, ET AL.

SHERIFF. *Failure to return vendi exponas. Plaintiffs' contributing thereto. Motion under sect. 227, Code of 1871.*
A writ of *vendi exponas* for $16,000 was directed to Q. as sheriff. Acting under it, he sold to K. some property for $75, but deferred collecting the money until Saturday before the return-day, Monday, when K. applied to him for indulgence until the Tuesday next following. This Q. refused to grant, unless the plaintiffs in execution would consent. K. then applied to plaintiffs' attorneys, who said to him that whatever arrangement he could make with Q. would be satisfactory to them, but that they would release Q. from no liabilities he might incur, and show him no favors. K. returned to Q. and delivered the first portion of the message, but withheld the declaration of plaintiffs' attorneys that they would release Q. from no liabilities and show him no favors. Q. then held the execution until Tuesday after the return-day, when he returned it into court, with $75. Then plaintiffs moved the court for judgment against Q. and his sureties for the amount of the execution, under sect. 227, Code of 1871, which provides that if any sheriff shall fail to return any execution directed to him, on its return-day, the plaintiff therein may have judgment against him and his sureties for the full amount of the execution. *Held,* that plaintiffs' attorneys, through K., whom they permitted to act as their agent, had contributed to Q.'s omission of duty, and therefore this motion is not maintainable.

Error to the Circuit Court of Oktibbeha County.

Hon. J. M. Arnold, Judge.

The case is sufficiently stated in the opinion of the court.

*Orr & Sims*, for the plaintiffs in error.

Under the rule established by the Supreme Court in *Cox v. Ross*, 56 Miss. 485, it is intimated that the act of God or the king's enemy would excuse the sheriff for neglecting to return an execution; but the facts and circumstances of this case do not present that contingency. They present the excuse that Quinn relied upon the authority of the attorney Rogers for not making the return, when Rogers and Kilpatrick each swear positively that the attorney gave no such authority; and upon that point they are not contradicted by Quinn himself. As to the measure of damages : was it the value of the property which had been seized under the original writ of attachment, or the amount of the judgment. The court charged that it was the former; we insist that it was the latter. Sect. 227, Code of 1871, answers the question. It says that the plaintiff shall have judgment for the amount of the execution, with five per cent on the full amount of such execution for his damages. Under that wording, it is impossible to fix the standard of damage at the amount of the value of the property levied on, without interpolation. In the use of the word "execution," its face value is clearly intended by the Legislature.

*Carothers & Rogers*, on the same side.

It must be admitted that plaintiffs have established a right to recover, unless it is overcome by a valid excuse offered and proven by the sheriff for his omission of duty. In *Moorehead* v. *Holliday* this court held that, upon a failure to return an execution upon its return-day, a sheriff was liable under the statute, absolutely and without exception; but the main tenor of our decisions has been that an excuse might exist, though they recognize the requirements of the law as exceedingly stringent. In *Cox* v. *Ross*, 56 Miss. 481, it was intimated that such an excuse could be found in only the act of

God, physical impossibility, or the like causes; but plaintiffs, by their instructions in this cause, recognize that authority proceeding from them to the sheriff, whereby he withheld the return of the writ, would afford him sufficient excuse for so doing. But the evidence fails to disclose such authority; it fails to show that Kilpatrick was constituted by plaintiffs' attorney their agent for any purpose. The proper construction of his language, when applied to by Kilpatrick, is, that plaintiffs would take no action in the matter of the application, and that any action of the sheriff would be taken at his peril. Such language, if repeated, could not have misled the sheriff; plaintiffs were not privy to, and are therefore not responsible for the garbled form in which it was repeated. 44 Miss. 778. The law does not presume the existence of an agency, but casts the burden of proving it upon him who would claim its benefits. 6 Smed. & M. 367; 1 Greenl. on Ev. 114.

Even if Kilpatrick were constituted by plaintiffs' attorney their agent at all, it was only for the purpose of communicating to the sheriff their willingness that he might indulge Kilpatrick in the payment of the $75, and did not in any manner extend to the withholding the return of the writ, in which he had no interest and preferred no request. The agency, if one was created, was for the one particular purpose; and an agent constituted for a particular purpose and under a limited power cannot bind his principal if he exceeds that power; (2 Kent's Comm. 620; 3 Smed. & M. 609; Story on Ag., sects. 66, 69, 126; 6 How. 345); and he who would hold the principal for the acts of such an agent is presumed to know the extent of his authority, and, when such authority is questioned, must show the act to be within its scope. Smith on Con. 379; 6 Smed. & M. 367; 9 Pick. 542; 27 Ala. 612.

*Beverly Matthews* and *M. R. Butler*, for the defendants in error.

Kilpatrick was the agent or messenger of the counsel for plaintiffs, and they are bound by his action and statements. 33 Miss. 47. Their counsel, W. M. Rogers, admits that he

might have said to Kilpatrick that any arrangements he would make with the sheriff as to paying the $75 on Tuesday would be satisfactory to him (Rogers). If Rogers was so reported to the sheriff, and he acted upon it, he was discharged from any liability; this motion should be denied and the verdict should stand. We maintain that plaintiffs are estopped by this conduct of their counsel from making this motion; that the acceptance of the $75 and its application to their benefit, with their knowledge and consent, was a waiver of their right to make this motion, and a ratification of and acquiescence in the conduct of the sheriff. 6 Laws N. Y. 214; Freem. on Ex. 368, and authorities there cited. The writ was powerless for any purpose after its return-day; but plaintiffs' conduct caused the delay in its return, and they cannot complain nor take the benefit of their wrong. Agency may appear expressly or by implication. It may appear from previous acts or declarations of the principal, or from subsequent ratification, express or implied, or by receiving and enjoying the fruits of unauthorized agency. 2 Smed. & M. 193; 5 Cushm. 188; 7 Geo. 389. "The principal may adopt or reject the act of a pretended agent *in toto*, but he cannot ratify only what is beneficial to himself and repudiate the remainder." 41 Miss. 722. That plaintiffs have enjoyed the fruits of the agency, they do not pretend to deny; that they did it, knowing all the facts, is equally clear. If the entire evidence were destroyed except the subsequent ratification, the verdict would be just. The language of the learned judge, in a case recently decided by this court (the case of *Allen* v. *Standifer et al.*, 57 Miss. 612), that "the spirit of modern and enlightened jurisprudence is to administer justice," is the polar star to the judicial mind, and it is upon these principles we rest.

CHALMERS, C. J., delivered the opinion of the court.

This is an attempt by motion to make the sheriff of Oktibbeha County liable for the amount of a judgment for

$16,000 because of his failure to return on the proper day a writ of *venditioni exponas* issued upon said judgment.

The sheriff had sold a small amount of property under the *vendi*, but had delayed until Saturday before the Monday on which the writ was returnable, to collect from the purchaser, Kilpatrick, the amount of his bid, $75.

On Saturday, Kilpatrick applied to the sheriff for indulgence until Tuesday, which the sheriff declined to give without the consent of the plaintiffs' attorneys. Kilpatrick then applied to the attorneys of plaintiffs, who said to him that whatever arrangements he could make with the sheriff would be satisfactory to them, but that they would not release the sheriff from any legal liabilities that he might incur, nor show him any favors. Returning to the sheriff, Kilpatrick delivered only the first portion of this message, — to wit, that whatever arrangements were made between the officer and the purchaser would be satisfactory to the attorneys, — suppressing the declaration that they would not release the sheriff from any legal liabilities nor show him any favors. Acting upon the message as communicated, the sheriff held the writ until Tuesday, and upon that day returned it with the money — $75 — into court. The motion is to amerce him in the full amount of the judgment, $16,000, for this delay of one day in making the return.

It cannot be sustained. The officer was misled by the message brought him by one whom the plaintiffs' attorneys had permitted to act as their agent in the transmission of their wishes in the matter. While the officer was not told in so many words that he might hold up the writ, he did receive instructions from which he was fairly led to infer a willingness upon the part of plaintiffs' attorneys for him to do so. Those who propose to invoke against public officers the severe penalties of the statute upon which this motion is based, must be very careful to do nothing which directly or indirectly contributes to the omission of duty complained of.

Judgment affirmed.