W. T. RAWLEIGH Co., INC., *v.* CAUSEY, SHERIFF, *et al.*

(In Banc. Jan. 24, 1944.)

[16 So. (2d) 397. No. 35541.]

H. L. Austin and George S. Hamilton, both of Jackson, for appellant.

Gordon & Gordon, of Liberty, and **Fred A. Anderson, Jr.**, and **J. T. Lowrey**, of Gloster, for appellees.

**McGehee, J.**, delivered the opinion of the court.

The appellant sued on its demand against David H. Kirkland as principal debtor and J. R. Wing and D. D. Emerick as sureties, and took the judgment here involved only against the said sureties for the amount sued for in excess of the sum of $800 in the circuit court of Amite County. Thereafter, on the 24th day of April 1942, it caused an execution to be issued by the circuit clerk on the said judgment against the two sureties, returnable to the June 1942 term of the said court. The execution was not returned by the appellee, A. J. Causey, sheriff of the county, on the return day thereof, but a return was made thereon on December 26, 1942, showing that the judgment debtors had no property out of which the judgment could be collected.

The present suit was commenced by the appellant by motion filed by it in said court under Section 3317, Code of 1930, seeking to recover the amount of said judgment, with five per centum thereon as damages, and all costs against the sheriff, A. J. Causey, and the United States Fidelity & Guaranty Company, as surety on his official bond, for failure to return the execution into court on the return day thereof.

The circuit clerk was introduced as a witness on behalf of the appellant, and it was shown by him that the execution was issued on the date aforesaid and made returnable to the June term of court, but he was asked no questions as to when he delivered the writ of execution to the sheriff, and no other proof was introduced on that issue. Counsel for the appellant had the clerk to identify the signature of the sheriff on a letter written to the attorney on December 17, 1942, but this letter contained no recital as to the date when the execution was received by the writer of said letter. The sheriff was not called to the witness stand as an adverse party to ascertain when the writ was received by him, as should have been shown by his execution docket required by

Section 3327, Code of 1930, to be kept as a record of his office, nor was the sheriff called on or required to offer any evidence in that behalf, for the reason that the trial judge at the conclusion of the testimony offered by the appellant sustained a motion to dismiss the proceeding on the grounds assigned therein, and one of which was that the judgment creditor had failed to prove that the writ was actually received by the sheriff prior to its return day. No request was made to be allowed to reopen the case to make proof of such fact, and the appellant on this appeal relies upon the presumption of law to the effect that the circuit clerk is presumed to have delivered the writ to the sheriff with reasonable promptness following the issuance thereof.

This court held, however, in the case of W. T. Rawleigh Co., Inc., v. Hester et al., 190 Miss. 329, 200 So. 250, that the presumption that Hester had delivered the unexecuted writ of execution involved therein to his successor in office, Lotterhos, as required by Section 3323, Code of 1930, was neutralized by the presumption of law to the effect that if the latter had received the writ before the return day thereof, he would have returned it within the time required by Section 3317 invoked in the present suit. Hence the principle there announced is applicable in the case at bar in favor of the sheriff against whom this highly penal statute is invoked that if he had actually received the writ before the return day thereof, he would have returned it into court as required by the statute, since he would otherwise have been subjected to the penalty of having to pay the full amount of the judgment, damages and costs.

Moreover, it was held in the cases of Skinner v. Wilson, 61 Miss. 90; Watson v. Boyett, 151 Miss. 726, 118 So. 629; and W. T. Rawleigh Co., Inc., v. Hester et al., supra; that "Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation"; and it was stated in the Rawleigh case,

supra [190 Miss. 329, 200 So. 253], that the statute invoked "is highly penal and that one seeking to recover thereunder must bring his case clearly within its terms."

We are unable to say that the trial judge was in error in holding that the appellant had failed to meet the burden of proof of showing that the writ was actually received by the sheriff prior to its return day, or that it was received prior to a special term of the court which was convened in August 1942, since the counsel for the appellant, when testifying as a witness in the case, referred to an occasion when he called at the sheriff's office on December 26, 1942, and stated that the sheriff had then had the writ of execution for a period of three or four months, thereby leaving it in doubt as to whether he received it before the first day of the term of court either in June or August of that year.

The judgment of the court below dismissing the proceeding against the appellee must therefore be affirmed.