BOWERS *v.* CONN, et ux.

No. 39962          February 20, 1956          85 So. 2d 583

*Grover C. Doggette,* Laurel, for appellant.

*Quitman Ross,* Laurel, for appellees.

GILLESPIE, J.

Appellant secured a judgment in the County Court of Jones County against Horace Conn and wife. On December 17, 1953, execution and two writs of garnishment were issued on the judgment directed to appellee, Sheriff of Jackson County. The writs were mailed by the clerk to appellee, and appellant's attorney, on December 18, 1953, wrote appellee advising the sheriff that the Conns owned certain property and an automobile and gave the location thereof in Jackson County. On December 22, 1953, appellee, as Sheriff of Jackson County, wrote appellant's attorney that he had served the two writs of garnishment; that the judgment should be enrolled in Jackson County before the writ of execution could be legally effective; that he did not think the Conns owned certain property mentioned in the attorney's letter to the sheriff; requested the motor and tag numbers of the automobile owned by the Conns, and asked for further advice. The writ of execution was returned with the letter. Appellant's attorney did not answer the letter from appellee, and did not return the writ, but filed the unexecuted writ with the Clerk of the Jones County Court, and filed a motion seeking to recover from appellee the full amount of the judgment, twenty-five percent of said amount as damages, and costs (Section 4244, Mississippi Code of 1942). The county court declined to assess the penalty. The circuit court affirmed.

The question is whether under the stated circumstances appellant was entitled to judgment against the sheriff under Section 4244, Code of 1942, for the full amount of the original judgment, plus twenty-five percent damages and costs.

Code Section 4244 provides in part that: "If any sheriff . . . shall voluntarily, and without authority, omit to execute such process (execution) . . . then the sheriff . . . shall be liable to pay to the plaintiff in the execution . . . . the full amount of the money due upon the execution . . . . with twenty-five per centum damages, and lawful interest until paid . . ."

■■■ The statute is highly penal. It imposes a penalty for omission of duty. It may not be invoked by one who contributes directly or indirectly to the omission. Sims v. Quinn, 58 Miss. 221. Very slight circumstances are held to exempt officers from the operation of the statute. Watson v. Boyette, 151 Miss. 726, 118 So. 629. One seeking to recover under such a highly penal statute must bring his case clearly within its terms. Rawleigh Co. v. Causey, 195 Miss. 842, 16 So. 2d 397.

■■■ The statute imposes a penalty for "voluntarily" omitting to execute the process. "Voluntarily" means "intentionally." ■■■ When appellee mailed the process back to appellant's attorney, he was mistaken in his belief that the judgment must be enrolled in Jackson County before the process could be executed, but there is no proof of any intention not to execute the process.

Appellant's case fails because the process was not returned to the sheriff, who had no opportunity to correct his mistake. Appellant contributed to the omission of which he complains, and this was a circumstance sufficient to exempt the sheriff from the operation of the highly penal statute. Cf. Crawford, et al v. Bank of Seminary, 178 Miss. 129, 172 So. 750.

Affirmed.

*Roberds,* P.J., and *Hall, Arrington* and *Ethridge,* JJ., concur.