PATTERSON, Justice:
The Merchants National Bank of Mobile appeals from a judgment of the Circuit Court of Jackson County. This judgment affirmed an order of the County Court which dismissed a motion for judgment against the sheriff of the county and his surety.
The subject matter of the suit is a mobile home unit owned by Frankie and Flossie Mae Gunter. The bank in furtherance of its suit for an indebtedness due it by Frank Gunter caused execution to issue upon the trailer at a time when the right to its possession was being litigated in a replevin action between a finance company and Gunter in the circuit court of the county. The bank, anticipating that the re-plevin litigation would be resolved in favor of Gunter and possession of the trailer awarded to him, caused execution to issue against the trailer. The sheriff, pursuant to the request of the bank, served a copy of the writ upon Gunter, but did not remove the trailer from its location at Dub’s Trailer Sales for the reason the bank did not wish to incur the cost of removal. The sheriff duly published notice of the execution sale. However, the day before the sale was to take place he was notified that the trailer had been moved and its location was unknown. Consequently, the sale could not be accomplished.
Thereafter, the bank filed a motion for judgment against the sheriff in accord with the terms of Mississippi Code 1942 Annotated section 4244 (1956), which is as follows:
If any sheriff * * * shall collect, by virtue of an execution or attachment, the whole or a part of the money which, by the writ, he is [rejquired to levy, and shall not immediately pay the same to the party entitled thereto * * * on demand made; or if any sheriff * * * shall voluntarily, and without authority, omit to execute such process, or to levy the money therein mentioned; or shall do or omit anything which would entitle the plaintiff to recover from the sheriff *703 or other officer by any action the debt, damages, or costs in the execution mentioned, then, in either of said cases, the sheriff or other officer and his sureties shall be liable to pay to the plaintiff in the execution or attachment * * * the full amount of the money due upon the execution or attachment, with twenty-five per centum damages, and lawful interest until paid, to be recovered with costs by motion before the court to which the execution is returnable. * *
This motion was dismissed by the county court, precipitating an appeal to the circuit court where the dismissal was affirmed. After considering all issues, we also affirm.
The bank contends that constructive possession of the trailer by the sheriff is sufficient to establish liability against him by the provisions of the statute, since he did not conduct the sale and thereby failed to pay the bank the money due it as well as twenty-five per cent damages by way of penalty. The sheriff’s return upon the writ of execution indicates that the trailer was taken into his possession. Under our authorities the possession reflected by the return of the sheriff was in law constructive possession. Constructive possession is sufficient for a valid levy of execution. Murdock Acceptance Corp. v. Woodham, 208 So.2d 56 (Miss.1968). We are of the opinion, however, that the constructive possession of the sheriff does not necessarily impose liability under the harsh terms of Section 4244, supra. In Simms, Billups & Co. v. Quinn, 58 Miss. 221 (1880), this section was held to be highly penal and this Court refused to invoke its provisions for a party who had either directly or indirectly contributed to the omission of duty complained of. This theory has been brought forward from time to time by various cases on the subject, the last of which was Bowers v. Conn, 226 Miss. 832, 835, 85 So.2d 583, 584 (1956), where we stated:
Very slight circumstances are held to exempt officers from the operation of the statute. Watson v. Boyett, 151 Miss. 726, 118 So. 629. One seeking to recover under such a highly penal statute must bring his case clearly within its terms. Rawleigh Co. v. Causey, 195 Miss. 842, 16 So.2d 397.
The trailer was in the constructive possession of the sheriff by direction of the bank. Actual possession was not taken of it since the bank did not wish to incur the expense of removing it to a safer place of storage. The sheriff complied with the dictates of the bank. The constructive possession it now complains of which led to the loss of the trailer was the very possession it directed. We do not think this default of the sheriff, if such it could be called, would impose liability upon him since the opportunity of default was occasioned by the request of the appellant. This circumstance is sufficient, in our opinion, to exempt the defendants from the operation of this highly penal statute. We conclude that the lower court did not err in dismissing the bank’s motion for judgment.
Affirmed.
GILLESPIE, P. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.